THE SOUTHERN EXPRESS COMPANY, plaintiff in error, *vs.* GEORGE T. BARNES, trustee for his WIFE, defendant in error.

A common carrier, according to the law of this State, cannot limit his legal liability as such, imposed upon him by that law, by any notice given either by publication, or by entry on receipts given for the goods or tickets sold; but he may make an express contract with the shipper of the goods, which may be proved outside of the receipt given therefor, and will then be governed thereby.

Assumpsit, &c. Tried before Judge GIBSON. Richmond Superior Court. June adjourned Term, 1867.

Barnes, as trustee for his wife, averred that on the ——— day of April, 1862, John Kerr, of Memphis, Tennesssee, delivered to the Southern Express Company at Memphis, (they being common carriers between Memphis and Augusta, Georgia,) a package containing $1,160.73, in Confederate States treasury notes, worth that sum of money, which were the property of Barnes' wife, addressed to Dr. L. A. Dugas, Augusta, Georgia, for said wife; that they accepted it as common carriers, &c., but failed to deliver it, &c. The plea was general issue.

Evidence as to the delivery of the package to the Express Company, was introduced on both sides. Plaintiff's witness testified that he took a receipt for the package, and that the receipt was lost or destroyed. On 6th June, 1862, Memphis was cut off from Augusta by the Federal army, and consignee (and plaintiff) knew nothing of the bailment until 27th October, 1865. It was admitted that no demand was made on the Company for the package, or for payment for its nondelivery, till November, 1865.

The plaintiff having closed, the defendant offered the following form of receipt, (after proving that it was the form of their receipts in April, 1862,):

"SOUTHERN EXPRESS COMPANY.

Memphis, ———.

Received of ——— package, sealed and said to contain ———, addressed ———, to be forwarded as ad-

The Southern Express Company *vs.* Barnes, &c.

dressed. It is agreed, and is a part of the consideration of this contract, that the Southern Express Company is not to be held responsible except as forwarders, nor for any loss or damage arising from the dangers of railroad, ocean, steam or river navigation, fire, &c., unless specially insured and so specified in this receipt, and in no event to be held responsible for the safe transportation of the articles herein receipted for, after the same shall have been delivered to other parties, which the Southern Express Company is hereby authorized to do, for completing the transportation or delivery, nor is it to be liable for any loss or damage whatever, unless claim be made therefor within ninety days from its delivery to it."

*(Signed by the Agent.)*

After argument defendant's attorneys requested the Court to charge the jury, that that receipt was the contract between the parties, and that unless notice of the claim was given to defendants within ninety days, according to the terms of the receipt, the plaintiff could not recover. The Court refused so to charge, but charged that plaintiff was not bound by the terms of said receipt.

The verdict was for $600.42 in gold, with interest from 15th November, 1865, and costs, against defendant.

The defendant assigns as error the charge of the Court, and the refusal to charge as aforesaid.

WILLIAM T. GOULD, for plaintiff in error.

JOSEPH B. CUMMING, for defendant in error.

WARNER, C. J.

This case was argued in connection with the case of the Southern Express Company vs. Edward B. Purcell,* and the same question made in this case as in that, in regard to the receipt of the defendant, *limiting his legal liability therein* as a common carrier. The same ruling of the Court in that case applies to this case, and must be controlled by it, so far as that question is concerned. That being the only question involved in this case, the judgment of the Court below is affirmed.

---

* Q. V.—*post.*