SOUTHERN EXPRESS COMPANY, plaintiff in error, *vs.* JAMES A. EVERETT, defendant in error.

A common carrier *may* require the nature and value of the goods delivered to him to be made known; but if the shipper, at the time of delivery thereof, practice any fraudulent acts, sayings or concealments upon the carrier, as to the value of the parcel, or resort to any artifice, to give a box, containing a valuable diamond breast-pin, a *mean appearance*, and thereby, to induce the carrier to think it of trifling value, and so prevent him from making inquiries; or if the shipper, with the intention to deprive the carrier of his lawful freight, *conceals* from him the nature and value of the article delivered, it is a legal fraud upon the carrier, and will relieve him from liability.

The responsibility of the carrier ceased with the delivery of goods at their destination, according to the direction of the person sending, or, according to the custom of the trade. A delivery of the goods to the duly authorized agent of the owner or assignee, is a good delivery.

Case. Common Carrier. Tried before Judge COLE. Bibb Superior Court. November Term, 1867.

This was an action against the Southern Express Company for the loss of a diamond breast-pin. A package, containing a diamond breast-pin, worth $500 00, addressed to Miss Theodosia Everett, at the Female College, Macon, Georgia, was delivered to the agent of the Company, at Fort Valley, Georgia, for transportation to Macon. The Company received only twenty-five cents for the freight. The package was carried to, and delivered to the agent of the Company, by a negro boy, ten or twelve years old. It was a small paper box, tied with a string, and not sealed. The negro did not know the contents of the box, and delivered it unopened. No information was given to the agent, at the time of the delivery to him, of the contents of the box, and no question was asked by the agent, as to its contents. The package was duly transmitted to Macon, and delivered to Dr. Bonnell, the President of said College, unopened, and he caused it to be handed to said Miss Everett. She opened it, and found the breast-pin was wanting. Miss Everett was then a student in said College, (of what age does not appear, but the record shows that the suit was originally brought

Southern Express Company *vs.* Everett.

by one Green, as her guardian, and that afterwards, by consent, James A. Everett was substituted as plaintiff.) The box was received by her unopened, in the same condition as Dr. Bonnell had received it.

Upon this state of facts, defendant's attorneys requested the Court to charge, " 1st, That the facts that said package was transmitted to the depot by a negro boy ten or twelve years old; that it contained a valuable jewel, and was a small paper box tied around with a cotton string, and that said defendant had no notice, whatever, of its containing a valuable jewel, from the shipper, or any other person, constituted a fraud in fact, and in law, and that, therefore, the defendants are not liable for the loss of the same. 2nd, That delivery of said package to Dr. Bonnell, President of the Macon Female College, was a good and sufficient delivery to the person to whom said package was addressed, and that, therefore, said defendants were not liable for the loss of the contents of said package."

The Court declined so charging, but charged that "the defendant received the package, under the facts of this case, at their risk as common carriers, and were bound, as such, to deliver the same to the person to whom it was addressed; that delivery of said package, to Dr. Bonnell, President of the Macon Female College, was not a legal delivery, which would discharge the defendant, and that it was defendant's duty to deliver it to Miss Everett, to whom it was addressed." The verdict was for $500 00, and interest against the Company.

The attorney for defendant sued out a writ of error, assigning that the Court erred, in refusing said requests, and giving said charge.

NESBITS, for plaintiff in error.

W. K. DEGRAFFENRIED, for defendant in error.

WARNER, C. J.

This was an action brought by the plaintiff against the defendant as a common carrier, to recover the value of a diamond breast-pin. The facts are fully set forth in the report of the case. The errors assigned to the ruling of the Court below, are in refusing to charge the jury as requested by defendant's counsel, and in charging the jury as set forth in the record. The charge, as requested by the defendant's counsel, in our judgment, was properly refused by the Court below, for the reason that it would have practically excluded from the jury the consideration of the facts, thereby making the Court the exclusive judge of the facts proved, whereas it is the duty of the Court to instruct the jury as to the law applicable to the facts proved, leaving the jury to find what facts have been proved by the evidence in the case. The Court charged the jury, "that the defendant received the package, under the facts of this case, at their risk, as common carriers, and were bound, as such, to deliver the same to the person to whom it was addressed; that delivery of said package to Dr. Bonnell, the President of the Macon Female College, was not a legal delivery which would discharge the defendant, and that it was defendant's duty to delivery it to Miss Everett, to whom it was addressed." This package, which was a small paper box, unsealed, tied with a cotton string, contained a valuable diamond breast-pin, of the value of five hundred dollars, and was delivered to the agent of defendant by a negro boy, ten or twelve years of age, at Fort Valley, to be transported to Macon. No information was given to the defendant's agent of the contents of the box at the time of delivery, and no questions were asked by the agent as to its contents; the box was delivered unopened, and twenty-five cents freight was charged and received for the transportation of it to Macon. The question presented here is, whether the facts and circumstances attending the delivery of this box, containing this valuable diamond breast-pin, to the defendant, constitute a fraud in law, which will discharge him from liability for the value thereof as a common carrier?

" The carrier *may* require the nature and value of goods delivered to him to be made known, and any *fraudulent acts, sayings,* or *concealment,* by his customers, will relieve him from liability." Rev. Code, sec. 2054. It is insisted that it was the duty of the agent of the defendant to have required the contents of the box to have been made known to him at the time of delivery, and that, inasmuch as he did not make the inquiry, the defendant is liable for the full value of its contents, whatever the same may have been. It is true, the defendant, as a common carrier, *may* require the nature and value of the goods delivered to him to be made known, but if the conduct of the shipper was such, at the time of the delivery of the goods, as would be calculated to induce the defendant to believe that the goods delivered were of but little value, or such as would be calculated to *conceal* from him the true value thereof, and thereby throws him off, his guard, as to the necessity of making any inquiry as to the nature and value of the goods delivered, in order to deprive the carrier of his lawful freight, such conduct, on the part of the shipper, would be a *legal fraud* upon the carrier. The point is not whether the defendant *might* have inquired as to the nature and value of the goods, but the point in the case is, whether the acts and conduct of the shipper in regard to this box and contents, were not calculated and intended to *conceal* from the defendant the nature and value of the contents of the box, so as to prevent any inquiry being made, and thus deprive the defendant of his lawful freight for the transportation of this valuable diamond breast-pin. There were no questions asked as to the nature and value of the goods, and there were no fraudulent " sayings" on the part of the shipper; but can it be said there were no fraudulent *acts* or *concealment* on the part of the shipper of this box and contents, which, in law, would discharge the defendant as a common carrier ? The general principles of the law applicable to this case, are stated by Chancellor Kent with clearness and precision : " The common carrier is answerable for the loss of a box or parcel of goods, though he be ignorant of the contents, or though those

contents be ever so valuable, unless he made a *special* accept-ance. But the rule is subject to a reasonable qualification; and if the owner be guilty of any fraud or imposition in respect to the carrier, as by *concealing* the value or nature of the article, or *deludes* him by his own carelessness, in treating the parcel as a *thing of no value*, he cannot hold him liable for the loss of the goods. Such an imposition destroys all just claim to indemnity; for it goes to deprive the carrier of the compensation which he is entitled to, in proportion to the value of the article entrusted to his care, and the consequent risk he incurs; and it tends to *lessen the vigilance* that the carrier would otherwise bestow." 2 Kent's Com., 603. In Batson vs. Donovan, (6 Eng. Com. Law Rep., 333.) Best, J., said, " Any artifice to give the box containing the things of value a *mean appearance*, and thereby to induce the carrier to think it of *no value*, and so *prevent him from making inquiries*, would, I think, be pregnant proof of fraud." Angell on Carriers, 266, 269, sections 258, 261. Gibbons vs. Payn-ton, 4 Burrow's Rep., 2298. The question of unfair or improper conduct of the plaintiff, in such cases, should be left to the determination of the jury. 2 Greenleaf's Ev. 181, section 220. In view of the facts of this case, as presented by the record, we think the Court below erred in not charging the jury that, although the defendant, as a common carrier, *may* require the nature and value of the goods or articles delivered to him to be made known, yet if the jury should believe, from the evidence, that the conduct of the shipper of this box, containing a valuable diamond breast-pin, at the time of its delivery to the defendant, was such as was calcu-lated to conceal from him the character and value of the contents of the box, so as to induce him to regard the con-tents thereof as of trifling value, whereby he was lead not to make any inquiry as to the value of the contents of the box, or that he intentionally concealed from the defendant the true value of the contents of the box, for the purpose of depriving him of his lawful freight therefor, such concealment by the shipper is, in law, a fraud upon the defendant, and will release him from liability. As it regards the delivery

of the box to Dr. Bonnell, the President of the Macon Female College, that was a question for the jury to determine, under the charge of the Court as to the law regulating the duty of the defendant as to the delivery of the goods entrusted to him as a common carrier. The general rule is, that the responsibility of the carrier ceases with the delivery of the goods at destination, according to the *directions* of the shipper, or according to *the custom of the trade*. Rev. Code, sec. 2044. A delivery of goods to a duly authorized agent of the owner or consignee, is a sufficient delivery. Angell on Carriers, 329, sec. 323. The person to whom the box was addressed, the record shows, was a student in the College, under the charge of Dr. Bonnell, and, as we infer from the record, was a *minor*. Was it one of the rules of the College, that all articles and communications addressed to the students therein should be first delivered to the President thereof? What was the custom of the President of this College, in receiving parcels addressed to the students under his charge from the defendant? If it was the custom of Dr. Bonnell, the President of the College, to receive from the defendant parcels directed to the students therein, under his charge, and receipt therefor, or if it was in accordance with the rules of the College that he should do so, then he might properly be considered as the authorized agent of the students under his charge for that purpose, and the jury might presume a good delivery of the parcel to the student of the College to whom it was addressed, when delivered to the President thereof. Let the judgment of the Court below be reversed.