Everett *vs.* The Southern Express Company.

V

JAMES A. EVERETT, plaintiff in error, *vs.* THE SOUTHERN EXPRESS COMPANY, defendant in error.

1. Where an action was pending on a contract made before the first of June, 1865, and no tax affidavit of taxes paid was made as required by the Act of October 13, 1870, and no motion was made to dismiss for such failure, and a trial was had on the merits, it is too late, after a verdict for the plaintiff, to move for a new trial, on the ground that no affidavit was filed, and no proof given on the trial as to the payment of taxes.

2. The failure to make a motion to dismiss is an implied consent that the case does not come within the Act.

3. When a motion is made for a new trial, on several grounds, and the Court grants the new trial on one of the grounds overruling the other grounds, and a bill of exceptions is filed to his judgment, this Court will inquire if the judgment be right in granting the new trial, and if that be right on any of the grounds taken in the motion, this Court will affirm the judgment, notwithstanding the Court below may have erred in the ground on which he placed the judgment.

4. When one sent to an Express Company, by a small negro boy, a slave, for transmission by the company to a distant point, a small paper box, three by four inches in size, tied with a string, which box contained a valuable diamond breast-pin, worth $500, and no notice was given to the company of the value of the box and its contents, and the box, when delivered by the Express Company to the consignee, did not contain the pin:

*Held,* That the failure to notify the company of the value of the box was, under the circumstances, a fraud upon the Express Company, and a verdict for the plaintiff, against the company, ought to be set aside as contrary to law.

Tax-affidavit. Cross-bill of exceptions. Liability of Express Company. Fraud. Before Judge COLE. Bibb Superior Court. October Term, 1871.

James A. Everett brought complaint against the Southern Express Company for $600, alleged to be the value of a diamond cluster pin delivered to said company at Fort Valley,

Georgia, on June 12th, 1863, for transportation to Macon, Georgia, which pin was never delivered at its point of destination. The record fails to disclose any plea as filed by the defendant.

It appeared from the evidence that a package said to contain a diamond pin worth $500, addressed to Miss Theodosia Everett, at the Female College, Macon, Georgia, was delivered to the agent of defendant in Fort Valley, Georgia, at the time set forth in the declaration, for transportation to Macon; that defendant received twenty-five cents freight; that said package was delivered to said agent by a small negro boy, ten or twelve years of age; that the pin was in a small paper box tied up with a string, and unsealed; that said negro boy had no knowledge of the contents of the box and delivered it unopened; that no information was given, at the time of the delivery to the defendant or its agent, of the contents of said paper box or package, and that no question was asked by the agent of the defendant as to its contents; that it was duly transmitted to Macon and delivered to Dr. Bonnell, the President of the Macon Female College, unopened; that Dr. Bonnell caused said box to be delivered to said Theodosia Everett, to whom it was addressed, and, upon being opened, the breast pin was found to be wanting; that said Theodosia Everett was, at the time, a student in said college; that the box was received by Miss Everett in the same condition that Dr. Bonnell received it—unopened. The jury returned a verdict for plaintiff for the sum of $500, with interest from June 12th, 1863.

The defendant moved for a new trial upon the following, among other grounds:

1st. Because the Court erred in not charging the jury that delivery to Dr. Bonnell, under the proof, was a good delivery to Miss Everett. (NOTE.—The Court charged that delivery to Miss Everett, or to any one authorized to receive it, was a good delivery.)

2d. Because the verdict is contrary to the law and the evidence.

Everett *vs.* The Southern Express Company.

3d. Because the Court erred in charging the jury, "that if any agent or employee of the defendant stole the breast-pin while in the possession of the defendant, the defendant was liable, no matter under what circumstances it first received the box at Fort Valley."

4th. Because the Court erred in taking jurisdiction of the case and permitting the verdict for plaintiff, he not having filed the affidavit that taxes had been paid, and no proof having been submitted to the jury that the same were paid, although both the contract and the failure to deliver the package took place prior to June 1st, 1865.

No motion was made to dismiss plaintiff's case upon the ground last aforesaid.

The Court ordered a new trial upon the last ground, overruling the others, and plaintiff in error excepted and assigns said ruling as error.

W. K. DeGraffenreid; Clark & Goss, for plaintiff in error.

Nisbets & Jackson, for defendant.

McCay, Judge.

Had the defendant moved to dismiss this case for want of the affidavit required by the Act of October 13th, 1870, the Court would doubtless have heard him favorably. But he has neglected to do this, and both the parties have treated the case as not coming within the Act. Shall the defendant, after taking all the chances of a verdict in his favor on the other issues, be permitted now to come in and have a new trial, because the plaintiff failed on the trial to prove the taxes paid? It is not to be expected that the Court *shall*, although he may interfere and take the defendant's case into his own hands. True, the tribunal trying the case must dismiss the case if the plaintiff shall have failed to show that all legal taxes have been paid. Doubtless the Court here would have so done, had the motion been made. Had the

question been before the Court; had the affidavit been filed, so that the defendant could not have moved the dismissal on the calling of the case, there might be some point in the motion now. But by failing to do this he has consented to try the case as though it were not within the Act, and he cannot be permitted to blow hot and cold in this way; to put the country to the trouble and expense of a trial, and because he has failed in his defense to ask that the Court come to his relief, by listening to a motion for new trial. This law is not for the benefit of the defendant, but the public. Its legal operation is to deny to suitors the benefit of the Courts until they had paid the tax due on their claims. By the *laches* of the defendant the plaintiff has got the benefit of the Courts, and it is too late for him, the defendant, to complain. But we think the Court ought to have granted a new trial, on the other ground, to-wit: that the verdict is illegal as not sustained by the evidence. True, the Judge did not put his judgment on this ground, but that was one of the grounds distinctly stated in the motion.

The *judgment* of the Court granting the new trial is excepted to; not the reasons he gave, nor the grounds he put it upon, but the order, decision or judgment of the Court, to-wit: setting aside the verdict and granting a new trial. If that judgment was good and right, for any reason contained in the record, it ought to stand. The judgment is one thing, the reasons given for it another. It is with the judgment this Court has to do. Ought that to be affirmed or reversed? In our judgment, this verdict is not sustained by the evidence. This Court has, in effect, decided that very thing, when the case was before it at Milledgeville, in 37 *Georgia*, 688. The evidence there was the same as here, with the single exception that the negro boy who carried the box to the express office now testifies that he did not open the box. The evidence as to the mode in which this valuable pin was put up is the same.

The point of that decision was, that the carrier has a right to know the value of the article he is asked to carry, that he

may take the better precaution to prevent persons from stealing it from him, or to prevent its loss from carelessness.    An article of small value presents few temptations to the thief. The company may safely entrust it to less trustful agents, and take less pains to protect and preserve it.    Valuable articles ought to be, and usually are, put in a safe and are delivered by the most trustworthy agents into the hands of the consignee.    And for this extra care and risk a higher price is charged.    The proof here shows that a small article of great value was, either designedly or carelessly, put in a common paper box, tied up with a string, and its value, either designedly or carelessly, concealed from the knowledge of the carrier.    Who knows why ?    The evidence does not show ; but if there was no special design—if the extra charge was not the thing sought to be got rid of, the gross negligence of the consignor amounts to fraud.    It misled the carrier ; it put him off his guard.    He had a gem in his custody, a thing to be specially cared for, and he did not know it ; and this want of knowledge was the fault of the consignor.    No person of ordinary prudence would send by a messenger a valuable article like this without special notice of its value, and were this defendant an ordinary carrier, we doubt if it would be possible to get a verdict against it on such facts.    Unfortunately, there is not the same carefulness to do only strict justice in cases where rich corporations are parties.    But the law knows neither the rich or the poor as such—justice to both is its rule.

We feel ourselves bound by the decision of this Court in this case, in any view of it, though we agree that it is right, and would, were the case now first before us, give the same judgment.    We think, therefore, that the verdict ought to have been set aside as illegal.

Judgment affirmed.