THE CHARLESTON AND SAVANNAH RAILWAY CO. vs. MOORE.

1. Where boxes and bundles were delivered to a railroad company to be transported by it, with the statement that they contained household goods, and they were so received and receipted for by the company, but in fact a considerable portion of the articles delivered were jewelry or ornaments and wearing apparel, and it appeared that the rate of freight for household goods was lower than the rate for the other articles mentioned, a verdict for the full value of the articles in favor of the consignee, who sued the railroad for non-delivery, was excessive.·

2. The misrepresentation mentioned was a fraud upon the carrier, who did not undertake to carry anything but household goods; and hence it was liable only for the non-delivery of such household goods.

3. The value of the household goods, as shown by the evidence, was not over $100; and the court below is directed to require all over that amount to be written off, and that the judgment for that amount be allowed to stand.

April 4, 1888.

Railroads. Contracts. Misrepresentation. Before Judge HARDEN. City court of Savannah. May term, 1887.

Reported in the decision.

CHISHOLM & ERWIN and WILLIAM R. LEAKEN, for plaintiff in error.

J. G. & D. H. CLARK, contra.

BLANDFORD, Justice.

The defendant in error brought her action against the Charleston & Savannah Railway Company to recover

damages, which she alleged she sustained by reason of the negligence of the railway company in not carrying and safely delivering to her certain goods, which had · been shipped from a point on its road to the city of Savannah. The jury rendered a verdict in her favor for $200; whereupon the company moved for a new trial, which was refused, and it excepted. The ·grounds of the motion are that the verdict is.contrary to law and to the evidence, and is excessive. The evidence shows that two boxes and one bundle of bedding were delivered to the railway company and consigned to Mrs. Moore, the plaintiff in error, as household goods; and it is uncontradicted that the statement made to the agent of the company at the time they were delivered to him and receipted for, was that they were household goods; whereas, it appears from the testimony, a considerable portion of the articles delivered consisted of jewelry or ornaments, and wearing apparel. The verdict of the jury was for the full value of the articles sued for. It further appeared, and was not contradicted, that there was a different rate of charges for goods in nature of jewelry or wearing apparel from that charged for household goods, the rate of freight for the latter being lower than for the former.

1, 2. We think that this verdict was excessive. The shipper should have stated truly to the agent of the company the nature and character of the goods shipped. A misrepresentation by the shipper in this respect is held by some of the decisions of this court to amount to a fraud upon the railway company receiving the same as carrier, which relieves the company of its liability. It was contended by counsel for the railway company that this misrepresentation relieved the company entirely from liability for the goods received; but we do not agree to that. We think the company is only exempt from liability as to the goods in regard to which the misrepresentation was made. Household goods, goods such as the railway company agreed to carry, it was bound to carry and safely de-

liver to the consignee. The principle upon which the carrier is relieved from liability, under some of the decisions of this court, as already stated, is that there was a fraud upon the carrier; but there is another good reason: the carrier did not undertake to carry anything but household goods; wearing apparel was not included in the contract; and hence the carrier was only bound to carry such goods as the shipper represented to be contained in the boxes and bundles, and which it contracted to carry.

3. We think that all of the verdict over $100 was excessive; and we direct that the court below shall require all over that amount to be written off, and the judgment be allowed to stand to the amount of $100; the plaintiff in error, however, being entitled to its costs in this court.

Judgment reversed on terms.