WOOD *v.* THE SOUTHERN EXPRESS COMPANY.

1. The trial court having adjudged that a new trial be granted on the general grounds that the verdict was contrary to law, contrary to evidence and without evidence to support it, unless the plaintiff would write off from this verdict an amount sufficient to reduce his recovery to $50, and the plaintiff having declined to do this, the result was the general grant of a new trial, with which this court will not interfere, it being the first grant of such new trial.
2. There was nothing in the evidence to authorize the judge below to fix upon the sum of $50 as the amount of the plaintiff's recovery, if entitled to recover at all

March 2, 1895.

Complaint for damages. Before Judge Ross. City court of Macon. June term, 1894.

ESTES & JONES, for plaintiff. ERWIN, DUBIGNON & CHISHOLM and DESSAU & HODGES, for defendant.

SIMMONS, Chief Justice.

In this case the court below adjudged that a new trial be granted on the general grounds that the verdict was contrary to law, contrary to the evidence and without evidence to support it, unless the plaintiff would write off from the verdict an amount sufficient to reduce his recovery to $50. The judge in fixing this amount appers to have done so upon the idea that if the plaintiff was entitled to recover anything, the amount of the recovery should be governed by the stipulation in the express company's receipt, that if the value of the property was not stated at the time of the shipment, and specified in the receipt, the holder thereof would not demand of the company a sum exceeding $50 for loss of or damage to the shipment. No value was specified in the receipt, but according to all the evidence as to the actual value of the shipment, it was worth considerably more than $50. Treating this stipulation as an attempt to limit the liability of the carrier, it was ineffectual, because it does not appear that the shipper expressly assented to it (Code, §2068; *Southern Express Co.* v. *Newby*, 36 *Ga.* 635; *Purcell* v. *Southern Express Co.*, 34 *Ga.* 315); and even if he had agreed to it, the stipulation would not be valid as to loss involving negligence on the part of the carrier. (*Georgia Railroad Co.* v. *Keener*, 93 *Ga.* 808.) If the facts bring the case within the provision of the code, that "the carrier may require the nature and value of the goods delivered to him to be made known, and any fraudulent acts, sayings or concealment by his customers will release him from liability" (§2080), the plaintiff is not entitled to recover anything at all. See *Southern Express Company* v. *Everett*, 37 *Ga.* 688; *Green* v. *Southern Express Co.*, 45 *Ga.* 309.

In no view of the case, therefore, was the court war-

ranted in the direction given as to the amount of the verdict. The plaintiff, however, having declined to write the verdict down to the amount fixed by the judge's order, the result was the general grant of a new trial; and in accordance with the well settled rule of this court as to the first grant of a new trial, the judgment of the court below must be affirmed.

The cross bill of exceptions is dismissed. See *Moomaugh* v. *Everett*, 88 *Ga.* 67(2), in which the ground of dismissal was the same as that presented by the motion to dismiss in the present case.　　　*Judgment affirmed.*
*Cross-bill dismissed.*