## SOUTHERN EXPRESS COMPANY *v.* WOOD.

1. The silence of a shipper touching the character and value of goods contained in a package which does not indicate·that its contents are of great or unusual value, or such an imperfect description of such contents as misleads the carrier with respect to their nature and value, may, when the circumstances require a full disclosure from the shipper, even in the absence of an inquiry by the carrier or of an actual intent to defraud by the shipper, amount to such a fraud as will discharge the carrier from liability on account of loss or destruction of the goods.

2. Applying the law as above announced to the facts of the present case, a finding for the defendant was demanded, and therefore the verdict in the plaintiff's favor was contrary to law and ought to have been set aside, irrespective of any ruling made at the trial.

March 30, 1896.   Argued at the last term.

Action for damages.    Before Judge Ross.    City court of Macon.    June term, 1895.

*Erwin, duBignon & Chisholm* and *Dessau & Hodges,* for plaintiff in error.    *Estes & Jones,* contra.

Simmons, Chief Justice.

The law of this case, as announced in the first head-note, was laid down by this court in the case of *Southern Express Company* v. *Everett,* 37 *Ga.* 688, and is so fully discussed in the opinion of Chief Justice Warner in that case, that we deem it unnecessary to enter into any further discussion of it here.    See also the opinion of McCay, J., when that case was again before this court (46 *Ga.* 306).    In the present case the trial judge, in his charge to the jury, seems to have followed these decisions; but we think he erred in not setting aside the verdict as not sustained by the evidence. The facts, in brief, are, that a package wrapped in common manilla paper and tied with a twine string but not sealed, and which, it is alleged, contained the music and the libretto of an opera, the former worth $1,000 and the latter worth $50, was delivered to the agent of the defendant at Selma, Alabama, for transmission to Macon, Georgia. There was nothing on the package to indicate its value. According to the testimony of the person who delivered it to the agent, he told the agent that it was a package of music, but said nothing as to what kind of music it was, nor was anything said as to its value.    No value was asked to be placed upon it, and none was given.    He testified that the agent asked him 35 cents charges, and he replied that the package came to him for 25 cents, and after some discussion, induced the agent to make a reduction in the charges. The agent testified that he first asked 40 cents charges; to which the sender replied, that was too much, that the package came for 25 cents and they ought to carry it back for the same price; and he remarked that it was nothing but printed matter or music; and the agent thereupon gave

him a lower rate. There was further testimony for the defendant, to the effect that if its agent had been informed that the package was worth $1,050, the rate would have been ten cents per hundred extra valuation, and that it would not have gone through the same channel as regular freight, but would have been put in the money department where all valuable sealed and money packages were, and would have been carried in a safe in the express-car instead of with the general freight therein. It appeared that the car in which the package was carried was destroyed by fire, but the packages in the iron safe in that car were not destroyed. There was considerable testimony as to the value of the opera, it appearing to have been the only copy in existence and not capable of replacement. The jury found for the plaintiff $475.

The evidence shows that the conduct of Erhart, the person who delivered the package to the agent of the express company, was calculated to deceive the agent as to the value of the package, and it doubtless did deceive him. His higgling over the small sum charged for the freight was sufficient of itself to induce the agent to believe that the package was not valuable, and when he told the agent that it was music without explaining anything further, the agent would naturally conclude that it was printed music, which is not very expensive; at any rate, no one would have supposed from the appearance of the package, or from what was said, that the package contained something worth a thousand dollars. If Erhart had informed the agent as to its value, it would have been placed in an iron safe with other valuable packages, and according to the evidence, would not have been destroyed by fire. By his higgling with the agent he got the benefit of a reduced rate, when if the true value of the package had been known, a higher rate would have been charged for it. Such conduct on the part of the shipper, we think, amounted to a concealment of the true character of the contents of the package, and constituted

such a legal fraud upon the carrier as would in law discharge it from all liability as a carrier. The facts of the case are in this respect stronger in behalf of the carrier than were the facts in the *Everett* case, *supra,* for in that case nothing was said to the agent of the carrier by the person who delivered the package for shipment, which could have tended to mislead the agent; while in the present case the sayings as well as the conduct of the shipper were calculated to deceive the agent. In that case there were two verdicts in favor of the shipper, but both verdicts were set aside, the second upon the ground that it was contrary to law, because the evidence did not sustain it. See Code, §2080; *Wood* v. *Southern Express Co., 95 Ga.* 452.

*Judgment reversed.*