BOTTUM v. CHARLESTON AND WESTERN CAROLINA RY.

1. COMMON CARRIER—FREIGHT.—Even in the absence of actual intentional fraud on the part of the shipper, a carrier is not liable for a box of pictures shipped with a lot of household effects marked and billed "glass, with care," but is only liable for the value of a box of household glass, and it was not the duty of the carrier to make further inquiry as to the contents of the box other than disclosed by the marking.

2. EVIDENCE.—It was not error to admit evidence that box contained pictures.

Before GAGE, J., Greenville, November term, 1904.  Reversed.

Action by Bertha. C. Bottum against Charleston and Western Carolina Railway Co.  From judgment for plaintiff, defendant appeals.

*Messrs. S. J. Simpson* and *M. F. Ansel,* for appellant. *Mr. Simpson* cites: *After marking, plaintiff is estopped from claiming that box contained anything but glass:* 6 Cyc., 401; *and plaintiff can only recover for glass:* 62 S. C., 414; 72 Am. R., 937; 158 U. S., 98; 37 Am. Dec., 531; 3

S. E. R., 417; 112 U. S., 721; 39 S. C., 60; Kent Com.,
*603; Hutch. on Car., secs. 213, 214, 215; 66 Ill., 471;
55 A. & E. Ry. Cas., 381; 45 Mich., 51; 5 S. E. R., 769;
5 Ency., 345.

*Mr. Ansel* cites: *Connecting carrier has no means of
knowing value of packages shipped except by marks and
bill of lading:* 45 Mich., 51; 5 Ency., 2d ed., 349; 25 S. E.
R., 426; 94 Tenn., 665; Hutch. on Car., secs. 213, 214, 215;
15 Wall., 535; 5 S. E. R., 769.

*Mr. W. G. Sirrine,* contra, cites: *Plaintiff is not bound by
rules of carrier unless brought to her notice:* Code, 1902,
1709; 16 Wall., 318; 39 S. C., 56; 112 U. S., 331; 140 N.
Y., 48.

October 7, 1905. The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS. On May 16, 1903, the plaintiff,
Mrs. Bertha C. Bottum, had a lot of her household goods
packed by H. B. Graves, a large dealer in furniture and pic-
tures, and shipped by him from Rochester, N. Y., to Green-
wood, S. C. One box containing a pastel portrait of Mrs.
Bottum's deceased husband and a valuable landscape paint-
ing was lost on defendant's road, and this action was
brought to recover the value, $377.50.

Mrs. Bottum's agent, in making the shipment, marked the
box containing these pictures "glass, with care." The bill
of lading was for "household goods," but the kind of goods
in each package, except "three trunks crated," was speci-
fied. The box of pictures was included in the description,
"3 box glass," the other two boxes really containing glass.
The defendant's freight charge on glass was one and one-
half times first class. On pictures the charge was three
times first class, the value being over $50 and not exceeding
$200, and a special contract was required when the value was
over $200. These rates and requirements, it seems, had
been approved by the Interstate Commerce Commission.

The packers testified they had always received from consignors pictures marked as glass, and always so marked them in shipping, but there was no evidence that the defendant or any other railroad ever acquiesced in this misdescription. The defendant denied liability for the value of pictures shipped in a box represented by the marks on the box as glass, for which it charged and received a lower rate of freight.

The Circuit Judge charged: "The railroad company does not contend that Mrs. Bottum made any fraudulent concealment of the contents of the box. Now, if Mrs. Bottum was not guilty of any improper concealment of the contents of the box shipped, or the value thereof, it was the right and duty of the railroad company to inquire about the nature and value of the contents of the box; and if it failed to do so, and the box has been lost, then the railroad company is liable for the full amount of the loss."

In accordance with this instruction, the verdict was in favor of the plaintiff for the value of the pictures. There are a number of exceptions, but the case turns on the soundness of the proposition just quoted from the charge. It is manifest from the context, that when the Circuit Judge said, "The railroad company does not contend that Mrs. Bottum made any fraudulent concealment of the contents of the box," he meant there was no *intention* to defraud by concealment, for the defendant's claim of exemption rested entirely on the ground that it had been deceived as to the contents of the box by the untrue representation of the plaintiff's agent as to a fact recognized by the law as of great importance to the contract of carriage. More definitely, then, the question at issue is, was the Circuit Judge right in charging as a matter of law, that in the absence of actual, intentional fraud, the carrier was liable for the value of pictures marked "glass" on the box and billed as "glass," because it was the duty of the railroad company to make further inquiry about the nature of the contents, and having failed to do so, it could not avail itself of the misdescription?

It is quite true, that when a railroad company receives a package marked "glass," and makes no inquiry as to its kind or value, it is responsible for any article received coming under the general description of glass, but by no possible stretch could a pastel portrait or landscape painting be classed as glass. They may, as in this instance, have glass over them, but the glass cover, like the frame, is incidental, and usually of insignificant value compared to the picture. In marking the box, the shipper expressly represented the box to contain glass, and it was, therefore, not the duty of the carrier to ask for a repetition of the statement, nor to disbelieve it and open the box to see for itself.

It is known to all that for purposes of transportation, goods are classified, and that several factors enter into the consideration, such as weight, bulk, value, and the risk of loss or injury. The carrier has a clear right to know the contents of packages offered for shipment, in order that he may fix his compensation and know his risk. The statement of the shipper as to the character of an article not open to inspection is a representation as to a material factor of the contract, upon which the carrier may rely, and if the value or character of the article actually shipped so varies from the contents of the package as represented as to materially affect the compensation of the carrier or the risk or expense of transportation, the carrier is not liable for the article of greater value received under a misapprehension caused by the shipper's untrue statement. This is merely the application of the familiar principle that a party to a contract is held only to that liability which falls fairly within the terms of the contract, and it makes no difference if an item which the other party wished to cover was omitted by his fraud or by his negligence.

It is said in Hutchinson on Carriers, sec. 213: "Fraud may be as effectually practiced upon the carrier by silence as by a positive and express misrepresentation. A neglect or failure to disclose the real value of a package and the nature of the contents, if there be anything in its form, di-

mensions or other outward appearance which is calculated to throw the carrier off his guard, whether so designed or not, will be conduct amounting to a fraud upon him. The intention to impose upon him is not material. It is enough if such is the practical effect of the conduct of the shipper, as if a box or package, whether designedly or not, is so disguised as to cause it to resemble such a box or package as usually contains articles of little or no value, whereby the carrier is misled. For by such deception the carrier is thrown off his guard, and neglects to give to the package the care and attention which he would have given it had he known its actual value." 6 Cyc., 380; 2 Kent, *603; Angell on Carriers, sec. 261, 5 Am. & Eng. Ency. Law, 345; *Relf* v. *Rapp,* 37 Am. Dec., 528 (Penn.) ; *Orange County Bank* v. *Brown,* 24 Am. Dec., 129 (N. Y.) ; *Pardee* v. *Drew,* 25 Wend., 458; *Dunlap* v. *International Steamboat Company,* 98 Mass., 371; *Shaahct* v. *Illinois Central R. Co.,* 30 S. W., 742 (Tenn.) ; *Humphreys* v. *Perry,* 148 U. S., 627; *Southern Express Company* v. *Everett,* 37 Ga., 688; 46 Ga., 307; *R. R. Co.* v. *Thompson,* 19 Ill., 578; *R. R. Co.* v. *Shea,* 66 Ill., 471; *Railway Co.* v. *Collins,* 4 Am. St. Rep., 87 (Ga.) ; *Railway Co.* v. *Moore,* 5 S. E., 769 (Ga.). These authorities, especially the leading case of *Relf* v. *Rapp,* are opposed to the instruction given by the Circuit Judge, to the effect that marking and billing the box "glass" was not a representation that its contents were to be classed as glass and not as pictures.

The case of *Rathbone* v. *R. R. Co.,* 35 N. E., 418 (N. Y.), relied on by respondent, is not applicable. There the bill of lading simply described the property as two boxes of marble, contents and value unknown, and contained a stipulation to the effect that no statuary would be carried by defendant for the loss of which it would be liable, unless a memorandum was delivered, stating the character and kind of articles and their value, unless a proper extra price for the carriage and responsibility was paid. Shippers' agents informed defendant at the time of the shipment that

the box contained marble statuary, and this was marked upon the box, also the words, "Handle with care." The statuary was found to be broken on delivery to the consigneee, and it was held: "a nonsuit was error; that if defendant was fully and truly informed as to the character of the property, and accepted it without requiring a written memorandum or extra compensation, it might be deemed to have waived other and further observance of the conditions; and that plaintiff was entitled to a submission to the jury of the questions of waiver, of fraudulent concealment and of defendant's negligence." There was, therefore, actual notice to the carrier of the contents of the box, which, as the Court held, was obviously evidence of waiver of the conditions of the bill of lading. Here we perceive nothing to put the carrier on notice that the mark on the box did not truly state the nature of the contents, but even if there was such evidence, it was the right of the defendant to have the question of waiver submitted to the jury.

The defendant offered evidence tending to show that the misrepresentation as to the contents of the package materially affected the burden and the consideration of the contract of carriage, and no evidence to the contrary was offered by the plaintiff. On principle supported by the authorities above cited, the plaintiff was entitled under the evidence offered to recover as for the loss of a package of glass used for household purposes, the reasonable value to be fixed by the jury, and it was, therefore, error for the Circuit Judge to charge, as in effect he did, that the verdict should be for the plaintiff for the value of the pictures.

There was no error in admitting testimony as to the contents of the box; without it the case could not be intelligibly tried.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*