1549.  SOUTHERN EXPRESS COMPANY *v.* POPE.

A shipper tendering to a carrier for transportation an article of an unusual value, not apparent from a casual inspection of the package as tendered, is in duty bound to disclose to the carrier the nature or the value of the article. A failure so to disclose, even though inadvertent and without any dishonest intent, is in law deemed such a fraud as to

44

absolve the carrier from liability for the loss ol the property. If an interstate carriage is involved, the provisions of the interstate-commerce law are such as to emphasize the duty of the shipper to disclose the value of the article delivered for transportation.

ON MOTION FOR REHEARING.

1. If the shipper practices an actual or constructive fraud upon the carrier by causing a package of large value to be shipped as if it were of small value, and a loss of the property occurs, the carrier is discharged from all liability, and the shipper can not recover even the small value at which the carrier accepted the shipment. Cases of this character are to be distinguished from those cases in which the carrier is·informed of the nature of the shipment, and the carrier and the shipper have bona fide agreed upon a value which turns out to be less than the true value.

2. If a petition in an action against a carrier for loss of goods is ambiguous as to whether it is a proceeding ex contractu or ex delicto, the court, in the absence of a demurrer adequate to compel the plaintiff to make his allegations more specific, and to relieve the ambiguity. will so construe the petition as to uphold the fullest recovery to which the plaintiff may be entitled under all the facts of the case as they appear. This rule is in no wise inconsistent with the rule that equivocal or ambiguous statements of facts will be construed most strongly against the pleader; on the contrary, it follows logically from the same presumption out of which that rule springs.

Action on contract, from city court of Augusta—Judge Eve. November 24, 1908.

Argued January 27,—Decided February 20, 1909. Rehearing denied February 27, 1909.

Mrs. Pope sued the Express Company for the breach of a contract, in that "on March 16, 1907, the defendant company, in its capacity as a common carrier of goods, received from plaintiff at its office in Augusta, Georgia, a package directed to 'Mrs. L. Leeds, 591 West 145th Street, New York,' and undertook and agreed to transport said package to its destination—the express charge thereon having been prepaid by plaintiff, but said defend-·ant failed to carry out said contract, and has not yet delivered said package to the consignee, and fails and refuses to deliver the same either to the consignee or to the plaintiff, although demand has been made therefor—plaintiff being informed by defendant that said package was lost in course of transportation. Said package contained a pearl of the value of one hundred and fifty dollars." She prayed a recovery of the $150, the value of the jewel. By an amendment she attached a copy of the contract on which she sued. It was the usual express-company receipt, the general form and conditions of which are familiar and need not be set out.

It acknowledged receipt of "one package valued at five dollars, for which amount the charges are made by said company." It recited the payment of twenty-five cents, freight charge, and was signed by the agent of the company only. The amendment further set up that "plaintiff's servant who took the package to the express office did not know what it contained, nor its value, and, in response to a question from the agent as to its value, so stated to the agent of the defendant company at the time; and the agent then filled out the receipt himself and put in the valuation himself, and plaintiff's servant paid the charge demanded, namely 25 cents, though he was supplied with money at the time to pay the usual charge on a valuation even in excess of $150." On the trial it appeared (and we will, wherever there is any dispute in the testimony, recite only that which is most favorable to the plaintiff, as the jury has concluded in her favor all issues of fact) that the plaintiff placed a pearl pendant, of the value of $150, in a small box, wrapped in paper, unsealed, but tied tightly with a string, and sent it by her colored chauffeur, William Youngblood, to the express office. She did not tell Youngblood what was in the package, and he did not know. She merely gave it to him and told him to carry it to the express office and have it forwarded by express. There was nothing about the package to indicate its value or contents. Youngblood took the package to the express office and handed it to the agent in charge, who began to prepare the receipt. The agent asked what was in the package, and Youngblood answered that he did not know. The agent then asked the value, and Youngblood again answered he did not know. The agent then said, "five or ten dollars?" and Youngblood said, "I suppose so." The agent thereupon prepared the receipt, reciting the value to be $5. Youngblood could read, but he put the receipt in his pocket without reading it. He paid the charges, 25 cents, upon being informed that this was the amount thereof. Youngblood carried the receipt to Mrs. Pope, who filed it away and did not read it until after the package had been lost.

It further appeared, that the express company's schedules of rates and charges have been filed and published in accordance with the interstate-commerce act, and that these charges are based on value as well as weight. The rate from Augusta, the place

at which the package was delivered to the express company, to New York, its destination, is, for packages of this size, twenty-five cents, where the value does not exceed $50; if the value exceeds $50, the rate is made up by adding to this basic freight rate fifteen cents for each $100 (or fractional part thereof) of value. If its value of $150 had been declared there would have been in addition to the twenty-five cents basis rate, thirty cents value charges, making a total of fifty-five cents. Ordinary merchandise and packages of small value are handled by the express company in the open car, and are delivered from messenger to messenger under a system of hasty checking, without specific receipt; while jewelry and valuable packages are required to be sealed by the shipper, and are carried in iron safes, under elaborate precautions, including the taking of a specific receipt from each person handling them. The loss of the package was admitted. The jury found for the plaintiff the sum of $150. The defendant excepts.

*McDaniel, Alston & Black,* and *W. K. Miller,* for plaintiff in error, cited: On validity of $50 clause of express company's receipt: *Ga. R.* 93/808; 95/452; 98/268; 113/514, 516; 115/381; 117/938; 119/767-9; 121/231, 233; 124/322, 326; 112 U. S. 331 (28 L. ed. 717). Meaning of "express contract," in Civil Code, §2276: Civil Code, §2296; *Ga. R.* 2/349, 360; 36/635, 644; 37/103-112; 39/617, 633; 42/486-7; 66/485, 490; 103/828-9; 109/339; 128/841; 88 Am. D. 68-134, notes. Plaintiff bound by contract made by agent: *Ga. R.* 117/832; 125/513. Fraud or silence of shipper when asked to disclose value: Civil Code, §2290; *Ga. R.* 36/645; 37/688; 45/305-309; 46/303, 306; 77/376; 80/522; 98/268; 121/231; 124/329; 87 Miss. 656 (40 So. 65); 89 Miss. 233 (42 So. 671); 39 S. C. 55 (17 S. E. 512); 69 Ill. 62 (18 Am. R. 596); 9 Wend. 85; 23 Vt. 186; 4 Foster, 85; 85 N. Y. Supp. 198; 84 N. Y. Supp. 143; 72 S. C. 375 (51 S. E. 985); 162 Fed. 585; 1 Hutch. Carr. (3d ed.) §§330-331; Moore, Carr. 355-360. Effect of congressional enactments, as to interstate shipment: Pol. Code, §1; Interstate-commerce act, as amended by act of 1906, sections 1, 3, 6, 10; 12 I. C. R. 418-469; 13 I. C. R. 513, 564; 202 U. S. 242; 197 U. S. 11-25; 195 U. S. 223-239; 200 U. S. 361; 109 U. S. 56; 9 Wheat. 16; 118 Ala. 539; 85 N. E. 965. Fraud as affecting right of action: 93 *Ga.* 520..

*William H. Fleming,* contra, cited: Civil Code, §2290; 37 Ga. 688; 121 Ga. 231; 1 Ga. App. 294; (on motion for rehearing) 124 Ga. 322; 118 Ga. 120; 122 Ga. 12; 1 Ga. App. 356, and cases cited in the following opinion.

POWELL, J. (After stating the foregoing facts.)

The facts of the present transaction are so very similar to those involved in the case of *Southern Express Co.* v. *Everett,* 37 Ga. 691 (s. c. 46 Ga. 303), as to leave little or no reason for any attempt to distinguish them. In that case (46 Ga. 306) the Supreme Court said: "The carrier has a right to know the value of the article he is asked to carry, that he may take the better precaution to prevent persons from stealing it from him, or to prevent its loss from carelessness. An article of small value presents few temptations to the thief. The company may safely entrust it to less trustful agents, and take less pains to protect and preserve it. Valuable articles ought to be, and usually are, put in a safe and are delivered by the most trustworthy agents into the hands of the consignee. And for this extra care and risk a higher price is charged. The proof here shows that a small article of great value was, either designedly or carelessly, put in a common paper box, tied up with a string, and its value, either designedly or carelessly, concealed from the knowledge of the carrier. Who knows why? The evidence does not show; but if there was no special design—if the extra charge was not the thing sought to be got rid of, the gross negligence of the consignor amounts to fraud. It misled the carrier; it put him off his guard. He had a gem in his custody, a thing to be specially cared for, and he did not know it; and this want of knowledge was the fault of the consignor." This case has been cited a number of times by our own courts and by the courts of other States. If any doubt existed as to whether merely an inference of fraud arises in such cases, so as to leave the question open for the jury, or whether the fraud is as a matter of law presumed, so as not to leave the matter issuable, that doubt was set at rest by the decision in the case of *Southern Ex. Co.* v. *Wood,* 98 Ga. 268 (25 S. E. 436). Among other things the court said in that case: "The silence of a shipper touching the character and value of goods contained in a package which does not indicate that its contents are of great or unusual value, or such an im-

perfect description of its contents as misleads the carrier with respect to their nature and value, may, when the circumstances require a full disclosure by the shipper, even in the absence of an inquiry by the carrier or of an actual intent to defraud by the shipper, amount to such a fraud as will discharge the carrier from liability on account of loss or destruction of the goods." This is followed by a holding that under the facts, a verdict for the defendant was demanded, and by a statement that such was also the case in *So. Express Co.* v. *Everett,* supra. The rule is in no wise local, as may be seen by reference to the notes to the case of Bottom *v.* C. & W. C. Ry. Co., 72 S. C. 375 (51 S. E. 985, 2 L. R. A. (N. S.) 773, 110 Am. St. R. 610). Of course, there is no suggestion in this case that Mrs. Pope actually intended to perpetrate a fraud upon the carrier; she undoubtedly acted in perfect good faith; yet constructive fraud exists. From moral fraud her agent, Youngblood, is likewise free; and yet, especially since the suit is ex contractu, Mrs. Pope is likewise charged with his constructive fraud. See *Central Ry. Co.* v. *James,* 117 *Ga.* 832 (45 S. E. 223); *Bell* v. *W. & A. R. Co.,* 125 *Ga.* 513 (54 S. E. 532). Upon the general proposition that the shipper must neither conceal the true value nor fail to disclose any unusual value not indicated by the nature of the package, see also the following cases. *Green* v. *So. Ex. Co.,* 45 *Ga.* 305, 309; *S., F. & W. Ry. Co.* v. *Collins,* 77 *Ga.* 376 (35 S. E. 416, 4 Am. St. R. 87); *Charleston Ry. Co.* v. *Moore,* 80 *Ga.* 522 (5 S. E. 769; *G. S. & F. Ry. Co.* v. *Johnson,* 121 *Ga.* 231 (48 S. E. 807).

The argument is further presented by the able counsel for the express company that, under the act of Congress of June 29, 1906, c. 3591, 34 Stat. 584 (U. S. Comp. St. Supp. 1907, p. 892), amending the interstate-commerce act of February 4, 1887, c. 104, 24 Stat. 379 (U. S. Comp. St. 1901, p. 3154), as well as the act of June 29, 1906, amending the act of Congress of 1903 known as the Elkins act, c. 708, 32 Stat. 847 (U. S. Comp. St. Supp. 1907, p. 880), the contract sued upon was void, because the shipper, by accepting it as an agreement to carry the property at less than its true value, and therefore at less than the rate filed with the commission, had been guilty of one of the devices prohibited by those acts. The argument is interesting, but whether it has validity or only plausibility we do not deem it

necessary to decide at present, as the case is so clearly controlled by the propositions stated above. Those interested in the question may, however, examine the cases of N. Y., N. H. & H. R. Co. v. Interstate Com. Com., 200 U. S. 397, (26 Sup. Ct. 272, 50 L. ed. 515), where it is held that an indifference to the prohibitions of the statutes may be equivalent to a wilful violation, and Armour Co. v. U. S., 209 U. S. 56 (28 Sup. Ct. 428, 52 L. ed. 681), where it is held that a device or contrivance need not be secret, fraudulent, or intentionally resorted to, in order to make the shipper's act criminal. See also "The Released Rates Case," 13 Int. Com. R. 564, and Brannon v. So. Ex. Co., Id. 513. On the other hand it seems that even the intentional giving and accepting of an unlawful rate will not bar an action ex delicto against the carrier for loss or damage to the goods, if no fraud or concealment, actual or constructive, has been practiced upon the carrier as to the nature or the value of the goods. Merchants Cotton Press Co. v. Insurance Co., 151 U. S. 368 (14 Sup. Ct. 367, 38 L. ed. 195); Pond-Decker Co. v. Spence, 30 C. C. A. 450, 86 Fed. 846; Hutchinson on Carriers (3d ed.), §547. *Judgment reversed.*

### ON MOTION FOR REHEARING.

POWELL, J. The chief insistence, on the motion for a rehearing, is that the court awarded a reversal, whereas it should have affirmed the judgment with direction that the plaintiff write off from the recovery all but $5, the value at which the express company took the package for shipment. As to the costs of bringing the case to this court (and this point is stressed in the petition for rehearing), to change the judgment as suggested would make no difference; for the plaintiff in error, having substantially won the case in this court, would be entitled to recover the costs, whether there were a judgment of reversal or a judgment of affirmance with direction. However, the express point now presented was before the Supreme Court in the case of *Wood* v. *Southern Express Co.,* 95 *Ga.* 451 (22 S. E. 535), and there it was held that the effect of the constructive fraud which arises from the failure to disclose the contents of a package, really valuable but seemingly not so, is not merely to reduce the recovery, but to defeat all right of recovery. At first blush it might seem fair to say that the express company, having received from the shipper

the package as being of the value of $5 and having received the usual charges for transporting a package of that value, should, upon the loss of the package, be liable for that sum. However, the rationale of the rule is this: the concealment of the value is construed to be a fraud; and fraud avoids, not modifies, the contract. The reason is more concretely stated sometimes thus: thieves and untrustworthy employees are not so likely to steal a package not worth over $5 as they would be to steal a package worth $150 or other large sum, though stated to be of the value of $5 or other small sum. By the concealment of the true valuation the risk of the carrier is unduly increased even as to the small valuation.

2. It is also stated incidentally in the motion for a rehearing that this court misconstrued the petition, in regarding it as presenting a cause of action ex contractu. The substance of the contention is that the petition is ambiguous, in that it does not definitely show whether the plaintiff intended to proceed ex contractu or ex delicto, and that, in the absence of a demurrer and an explicit allegation by the plaintiff, the court should consider it to be an action ex delicto. In the present case the result would be the same, no matter which way we should construe the petition. However, we think we were correct in our previous construction. An express contract of carriage and a breach of that contract are in direct terms alleged. These were allegations apposite to an action ex contractu. If the action were ex delicto the plaintiff should have alleged ownership of the property, and this is not alleged. Ordinarily the consignee, and not the consignor, is the proper plaintiff to an action brought on account of the tort involved in the carrier's failure to deliver safely property entrusted to it for carriage. It is true that where the language of a petition is ambiguous upon the point as to whether the action proceeds ex delicto or ex contractu, courts usually lean to the construction which will make the action ex delicto. The reason of this is that generally such a construction is the one most favorable to the plaintiff, since the measure of damages in tort is frequently broader than in contract. The object of construction is always to ascertain intention. In construing a person's acts and sayings the courts, in recognition of a well-known trait of human nature, feel warranted in generally indulging the inference that a person's

acts and sayings done or stated in his own behalf are the result of his endeavor to present his side of the matter just as favorably as he conscientiously and consistently can.　Hence, as to allegations of fact found in pleadings, the courts construe them, if they are ambiguous or equivocal, most strongly against the pleader; the presumption being that the pleader, in pursuance of the self-interest to which we have just adverted, would have stated the case more clearly and unequivocally in his own favor if he could have done so.　Where, however, a petition is filed and the facts alleged are such as would be proper or adequate under either of two forms of action, the courts, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that he intended to serve his best interest and to declare in that form of action which would allow him the highest recovery permissible under that state of facts; or if to construe the pleadings as setting forth the transaction under one form of action would make it such that it might be upheld in the court in which it was filed, when otherwise it would not be, or would authorize a recovery when otherwise it would not, the courts will adopt the construction which will uphold the action and not defeat it.　See, in this connection, *Payton* v. *Gulf Line Ry. Co.*, 4 *Ga. App.* 762 (62 S. E. 469); *Jenkins* v. *S. A. L. Ry.*, 3 *Ga. App.* 381 (59 S. E. 1120).　In the present case the plaintiff could not have recovered ex delicto, even in the absence of a fraud upon the carrier; for the reason that she did not allege or prove that she was the owner of the property, but she did have a prima facie right to recover upon her contract, and therefore we considered the action as being ex contractu.　　　　　　　　　　　*Rehearing denied.*