## 7426

### JENKINS v. ATLANTIC COAST LINE R. R. CO.

1. CARRIER—FREIGHT—FRAUD.—Where a carrier receives a package of cigars billed as "1 c|s tobacco" and enters it on the way bill as smoking tobacco and collects freight at point of destination for smoking tobacco weighing thirty pounds, goods are lost and consignee is guilty of no fraud, deception or negligence which misled carrier into accepting the shipment for less freight than was due on cigars, consignee is entitled to recover for the value of thirty pounds of tobacco reasonably falling within the description "1 c|s tobacco" and freight paid, especially where the proof tends to show the shipper did not know there was any difference in the rates between cigars and smoking otbacco.

    *Bottum v. Ry., 72 S. C., 378, distinguished from this case.*

2. IBID.—IBID.—INSTRUCTION that a carrier is liable in case of loss for the highest price of goods lost at point of destination is not subject to the objection that it means the carrier is liable for the goods lost here and that they were cigars.

3. NEW TRIAL—VERDICT.—Carrier is not entitled to reduction of verdict on ground that it was misled into classifying the freight on its way bill wrongly and thus charging too little freight, where no claim for

freight is made in the answer and no service is proved entitling it to further freight.

4. REHEARING refused.

Before WILSON, J., Sumter, July, 1908.   Affirmed.

Action by R. M. Jenkins against Atlantic Coast Line R. R. Co.   From Judgment for plaintiff, defendant appeals.

*Mr. Mark Reynolds,* for appellant.

*Messrs. Lee & Moise,* contra.

The opinion here was filed October 18, 1909, but held up on petition for rehearing until

February 2, 1910.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   In this case a magistrate of Sumter county gave judgment against defendant for fifty dollars, the value of a package containing 1,500 cigars, lost while in defendant's possession, and twenty-five cents freight paid on said package, together with interest, aggregating $53.15.   The Circuit Court affirmed this judgment. The testimony tends to show that on October 20, 1906, defendant received from Fincken-Jordan Co., Charleston, S. C., a package weighing thirty pounds, consigned to R. M. Jenkins, St. Charles, S. C., and described in the bill of lading as "1 case tobacco," and in the way bill as smoking tobacco.   The freight on thirty pounds of tobacco, or smoking tobacco, or cigars strapped, corded and sealed, from Charleston, S. C., the place of shipment, to St. Charles, in Lee county, the place of destination, was twenty-five cents; that the freight charge on a thirty pound package of cigars, not corded and sealed, was fifty cents, as in this case; that before payment of the freight at the point of destination,

plaintiff inquired for "a shipment of cigars," and that the agent collected twenty-five cents as freight, as the shipment was billed as tobacco; that plaintiff did not know that the freight on the package should be greater than twenty-five cents at the time of the shipment or payment of freight; that the shipment was never delivered or accounted for in any way; that the value of the cigars was fifty dollars, but the value of thirty pounds of smoking tobacco, such as sold at St. Charles market, was about $19.20.

Appellant alleges error in sustaining the refusal of the magistrate to charge the following request: "If the jury believe that the tariff rate of the defendant for freight charges on tobacco between Charleston and St. Charles was $0.25, and the rate of freight on the package of cigars as alleged, weighing 30 pounds, was $0.50, then if the plaintiff paid only half the amount of freight due on 30 pounds of cigars—if you believe the package weighed 30 pounds—cannot recover the $50.25, as the amount of the claim of the shipment in this case."

The request was properly refused. If plaintiff was guilty of no fraud, or deception, or negligence, which misled defendant into accepting a shipment for less freight than it was entitled to receive, plaintiff had the right to recover the value of the actual articles lost with freight paid, and in any event plaintiff was entitled to recover the value (not exceeding amount demanded) of thirty pounds of tobacco reasonably falling within the description, "1 case tobacco." *Bottum* v. *Railway,* 72 S. C., 378, 51 S. E., 485. It was for the jury to determine whether defendant had been misled to its injury by the fraud or negligence of plaintiff or his agents.

The magistrate was requested to charge the jury: "If you believe that the package alleged to contain cigars was billed as tobacco, and was undertaken to be transported by the defendant as tobacco, and same was lost, the jury can only give a verdict for what they find the worth of a package

of tobacco of that size and weight is, together with $0.25 paid thereon," and he modified the request by instructing the jury that tobacco is a general term, and it was for the jury to say what was shipped and what should have been the billing. The request was faulty for reasons already stated. The modification was in harmony with the principle recognized in *Bottum* v. *Railway, supra,* in this language: "It is quite true that when a railroad company receives a package marked 'glass,' and makes no inquiry as to its kind or value, it is responsible for any article received, coming under the general description of glass."

The magistrate was further requested to charge: "That if the defendant company was misled by billing the shipment 'smoking' tobacco, and less care was taken of same by reason of the fact that smoking tobacco was of much less value, if you so find, and that the plaintiff thereby got a less rate of freight by having the shipment billed as smoking tobacco, then I charge you that he cannot take advantage of his own wrong and mistake, and he can only recover the value of what you believe the best smoking tobacco, weighing thirty pounds is, and the freight paid by him, and he cannot recover for the value of thirty pounds of cigars lost when he shipped them as tobacco."

In reference to this request the magistrate modified it as in the preceding request, and further said: "Of course if you believe that there was any fraud in the transaction, that these parties were underbilling for the purpose of a deduction in freight that (request) would be all right."

Without raising critical objections to the language of the request and the generality of the exception, the practical effect of the modification was to allow plaintiff to recover the value of the articles lost, in the absence of intentional fraud or deception, if the articles lost reasonably fell under the general description given, otherwise plaintiff's recovery was limited to the value as of articles covered by the description.

The instructions above as a whole were not in conflict with the principles recognized and enforced in *Bottum* v. *Railway, supra*. In that case it was held that a pastel portrait or landscape painting could not be classed as "glass." The distinctions between the two are so wide and obvious that a person of average intelligence giving to the matter reasonable attention would have ground to believe that the carrier would be misled by the description, and in such a case intentional fraud or deception need not be shown, but it is sufficient if the shipper's negligence reasonably misleads the carrier into assuming a risk beyond the compensation. But the distinction between "cigars" and "smoking tobacco" as a basis for a separate freight classification and rates, considered with respect to the nature, use, comparative value and risk, is not so marked that a shipment of cigars as smoking tobacco is of itself evidence of fraud or negligence on the part of the shipper, and in this connection it must be remembered that cigars in a corded and sealed package are shipped at the same rate as smoking tobacco. Cigars are nothing but tobacco rolled for smoking, and there was no evidence that the shipper knew any distinction in the classification or rates between cigars and smoking tobacco; in fact, there was testimony to the contrary. The shipper and carrier are not on equal terms of knowledge in the matter of classifications of freight and rates, and the superior knowledge of the carrier makes it fair and reasonable that the carrier, in close classifications of articles falling under a general term, should make inquiry of the shipper to avoid mutual mistakes.

The magistrate further charged: "As a general proposition when a railroad company loses anything, the highest price of the article at the point of destination, with the freight added, is the true measure of damages."

The objection to this charge is that it intimated to the jury that the railroad company was responsible for the price

of the articles, and that they were cigars. This was a state-
ment of a general proposition of law, and is not amenable to
the specific objection assigned. The general rule undoubted-
ly is that for loss of goods a carrier is responsible to the
owner for their value at the place of destination. *Turner*
v. *Railroad,* 75 S. C., 61, 54 S. E., 138. It is not contended
here that by the terms of the contract, the value at the place
of shipment is the measure of damages. In this case the
testimony tended to show the value at the place of ship-
ment, and in *DesChamps* v. *A. C. L., ante,* 358, we have
held that to this value freight paid may be added.

It is further contended that a new trial should be had or
a reduction of the verdict to the extent of twenty-five cents,
inasmuch as the evidence showed that the proper freight
due was fifty cents, whereas, plaintiff had paid only
twenty-five cents. This contention, although seem-
ingly small, is made in view of the fact that if plain-
tiff should recover less than the amount claimed, no penalty
could be recovered. It cannot be sustained, however, as no
claim for freight is made in the answer, and there is no
testimony that defendant rendered any service entitling it
to retain the freight received or to demand further freight.

The exceptions are overruled, and the judgment of the
Circuit Court is affirmed.

MR. JUSTICE GARY *concurs in this opinion.*

MR. JUSTICE WOODS, *dissenting:* The Judgment of the
Court in this case seems to me to be at variance with the
principles stated in *Bottum* v. *C. & W. C. Ry.,* 72 S. C., 375;
and for that reason, I dissent. It is true that cigars are
made of tobacco, but commercially, tobacco and cigars are
generally recognized as different articles, falling under a
different classification; just as cotton, or wool and cloth are
different from clothing. It seems to me unjust to allow a

shipper to deliver to a carrier a package as tobacco not open to inspection, and recover for it as cigars. ·

MR. JUSTICE HYDRICK *concurs in this opinion.*

February 2, 1910. PER CURIAM. After consideration the Court is unable to discover that any material question has been overlooked or disregarded.

It is, therefore, ordered that the petition herein be dismissed and the order staying remittitur be revoked.