### 12276.   AMERICAN RAILWAY EXPRESS CO. *v.* JONES.

STEPHENS, J.  1. Although a common carrier may not be required by the law of Georgia to accept for intrastate transportation certain articles of personalty of a designated class, but does, under certain prescribed rules and regulations of its own, accept such articles for transportation, yet where a common carrier, such as an express company, accepts for transportation a shipment containing jewelry, an article within such excepted class, which jewelry, on account of the carrier's ignorance of the contents of the shipment, was not accepted and transported in accordance with the rules and regulations required for shipping and transporting jewelry, the carrier can not, in the absence of any special contract limiting its liability, escape liability for the loss of the jewelry while in transportation, upon the ground that such articles were not shipped in accordance with such prescribed rules governing their acceptance and shipment, or that the carrier was not required by law to accept such articles for shipment, in the absence of any fraudulent act on the part of the shipper inducing the carrier to believe that articles of such excepted class were not contained in the shipment.

2. Where it appeared undisputed from the agreed statement of facts that a suit case, containing, among other articles of wearing apparel, certain articles of jewelry, was delivered to an express company for the purpose of transportation, and no inquiry was made by the carrier as to the contents of the suit case, and no representation was made to the carrier by the consignor, or his agent, as to the contents of the suit case, and where the declared value of the contents of the shipment ($100) was greater than the proved value of the articles lost, and there were no circumstances indicating that the shipper, while not disclosing the contents of the suit case, intended to mislead the carrier as to the nature of the shipment, and it being reasonably inferable that jewelry, in the nature of wearing apparel, is contained in a suit case, a jury could not

infer that any fraud was perpetrated by the shipper upon the carrier. This case is clearly distinguishable from *Southern Express Co.* v. *Everett*, 37 *Ga.* 688; *Southern Express Co.* v. *Wood*, 98 *Ga.* 268 (25 S. E. 436); *Southern Express Co.* v. *Pope*, 5 *Ga. App.* 689 (63 S. E. 809).

3. The provisions of the uniform express receipt limiting the carrier's liability for the loss of " jewelry   .   .   or other matter of extraordinary value," which receipt is referred to in the receipt for the shipment given by the carrier to the shipper and declared therein to be applicable to the shipment, can not, in the absence of a special agreement thereto by the shipper, be regarded as a part of the contract, or as a limitation of the liability imposed by law upon the carrier. *Southern Express Co.* v. *Barnes*, 36 *Ga.* 532; *Southern Express Co.* v. *Purcell*, 37 *Ga.* 103 (92 Am. Dec. 53).

4. In a suit by the shipper against the carrier to recover for the loss of the jewelry, a verdict for the plaintiff was demanded, and the judge of the superior court did not err in sustaining the plaintiff's certiorari and in entering final judgment for the plaintiff for the proved value of the articles lost.

*Judgment affirmed.   Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 10, 1922.

Certiorari; from Bibb superior court — Judge Matthews. February 15, 1921.

*Hall, Grice & Bloch,* for plaintiff in error.

*Walter J. Grace,* contra.