THE SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY *vs.* COLLINS.

1. Whether a railroad company is bound to carry or transport goods to a point of destination beyond the terminus of its road, depends upon the contract between the parties. This contract may be express or implied, but it is always necessary to ascertain what the contract is. Where a receipt, given by a railroad company for goods to be transported to a consignee at a point beyond the terminus of its line, contained the words, "Care R. R. agt., Callahan," this was an ambiguity which could be explained by parol; and if it appeared that the words meant that the goods were to be delivered to the agent of another road at Callahan, and that the first company was bound only for such delivery, there would be no liability upon the first company beyond that point.

2. Where the agent of the railroad over which the property was shipped testified that the shipper did not disclose, at the time the shipment was made, that he was agent for his wife, but that he had stated at the time that, if the goods were lost, the company would have to pay him $25, this testimony was proper to be considered by the jury in ascertaining the value of the goods, if for no other purpose; and a charge which withdrew it from their consideration was error.

3. Where a railroad company agreed to transport one bundle of bedding, and there was no agreement to transport wearing apparel, and it did not appear that any wearing apparel was mentioned to the agent of the company, or that he knew that it was embraced in the bundle of bedding, upon the loss of the bundle, the owner

would not be entitled to recover against the company for certain wearing apparel which, it was alleged, was wrapped up with the bedding.

February 26, 1887.

Railroads. Damages. Negligence. Contracts. Evidence. Words and Phrases. Charge of Court. Before Judge Bower. Decatur Superior Court. May Term, 1886.

Mary A. Collins brought suit against the Savannah, Florida and Western Railway Company to recover for a bundle of bed-clothes and wearing apparel, alleged to have been shipped by plaintiff, through her agent, for transportation from Bainbridge, Georgia, to Cedar Keys, Florida, and lost *en route.* The freight receipt, which she relied on as the contract of shipment, is set out in the decision. She recovered a verdict for $134, principal. The defendant moved for a new trial, on the following among other grounds:

(1.) Because the court erred in ruling that the shipping receipt was the contract between the parties and bound the defendants to deliver, by itself or others, the goods shipped to W. P. Jackson, at Cedar Keys, Florida, and in so charging the jury.

(2.) Because the court erred in refusing to permit defendant to prove by its agent, D. M. Mitchell, the meaning of the words, " Care R. R. agent, Callahan," it being an ambiguous term, and to show by it that the liability of defendant extended only to Callahan; the court holding that it was not an ambiguous term in this connection.

(3.) Because the court erred in refusing to allow defendant to prove by the witness, D. M. Mitchell, that, outside of the receipt, he informed the shipper, when he delivered the goods for shipment, that the defendant company would not take them and be responsible further than the end of its line at Callahan, this being at the time the receipt was given.

(4.) Because the court erred in ruling out the answer of D. M. Mitchell as follows: " Collins wanted to pay the

freight through, and I told him we had no joint carrying with the other road; that I did not know the rates of that road from Callahan, and would not undertake to carry the bedding any further than Callahan, and would not be responsible for it beyond Callahan;" the court ruling it out because it was contradictory to and inconsistent with the receipt, the contract of shipment being in writing.

(5.) Because the court erred in charging the jury as follows: "It is true that, if a contract is made, specifying the amount of damages that is to be paid, in case the goods are lost in the shipment of the goods between the railroad and the party shipping the goods, if the party had authority to make a contract as to the amount to be paid in case the goods are lost, then the railroad would be liable only for the agreed amount of damages shown in the contract. You will look to the evidence to see if there was any such contract. If the only statement on the part of one of the parties was, that if you lose these goods, you will have to pay me $25.00 for them, and it was not accepted as the true damage by the other party, it would not amount to a contract; and further, it must appear that the agent had the authority to assess the damages, in case the goods were lost, at less than the real value of the goods. The mere fact of a party being agent to carry goods for another and deliver them to a railroad for shipment, of itself, does not authorize him to settle the value of the goods at less than their actual value in case the goods are lost. If you believe from the evidence that Collins specified that $25.00 should be paid for the goods in case the goods were lost, and the railroad failed to accept these terms; or if you believe from the evidence that the railroad agent had no authority to accept the goods for shipment at less than their actual value, it would not be a binding contract so far as to fixing the damages by contract. Unless there is some evidence showing that J. D. Collins, as agent of the woman, had authority to make a contract making the damages below the actual value of the goods, no such contract

made by him would be binding. The fact that Collins was only the agent of the woman to ship the goods—if you should find that to be the fact—would not authorize him to make a contract for damages, in case the goods are lost, at less than the actual value, and the shipper of the goods would not be bound by such a valuation."

The motion was overruled, and the defendant excepted.

D. A. RUSSELL, for plaintiff in error.

JOHN E. DONALDSON; O. G. GURLEY, for defendant.

BLANDFORD, Justice.

There are several assignments of error in the record. The plaintiff in the court below relied upon the following writing to show the contract between herself and the railroad company :

" STATION No. 23, October 15, 1881.

"Received from J. D. Collins, in good order, the following articles for shipment to W. P. Jackson, Cedar Keys, Fla. : 1 bdl. bedding.

Name : Care R. R. agt., Callahan.

(Signed)                                        D. M. MITCHELL, Agt."

The defendant proposed to show by the agent the meaning of the words in said writing, " Care R. R. agt., Callahan." This the court refused to allow ; and this is the first assignment of error.

1. Whether a railroad company is liable to carry or transport goods to a point of destination over and beyond the terminus of its road, depends upon the contract between the parties.

This contract may be either express or implied, but it is always necessary to ascertain what is the contract between the parties. If the contract is in writing and there be ambiguity about the same, then parol evidence is admissible to explain the meaning of the ambiguity ; not to vary the writing, but for the purpose of ascertaining its meaning. This writing, as it appears to us, is ambiguous. The words therein, " Care R. R. agt., Callahan," were certainly in-

serted for some purpose or object; they had some meaning; and what was the meaning? We think that it was competent for the defendant to show the meaning of these words by parol evidence; and if it appeared from such testimony that the words meant that the goods were to be delivered to a railroad agent of another road at Callahan, and that the defendant was only bound for such delivery, then we think the ambiguity would be explained, and there would be no liability upon the railroad company. So we think that the ruling of the court on the second ground of the motion for new trial, upon this point, was error. *Falvey vs. Ga. R. R.*, 76 *Ga.* 597; 28 *Id.* 548; Code, §2070.

2. The witness, Mitchell, had testified that Collins, the shipper, did not disclose that he was agent for his wife, Mary A. Collins, at the time the shipment was made, and that Collins had stated at the time, that if the goods were lost, the company would have to pay him $25. The charge of the court, as complained of in the 12th ground of the motion for new trial, annihilated this evidence. This testimony was proper to be considered by the jury in ascertaining the value of the goods lost, if for no other purpose, and the court, by its instructions to the jury, withdrew from their consideration this evidence.

3. It is alleged by the plaintiff in error that the verdict is contrary to law and evidence; and it appears from the record that, in estimating the plaintiff's damages, the jury found an amount over and above the value of the bedding; that is, they found the value of certain wearing apparel, which, it is alleged, was wrapped up with the bedding. We do not think the jury were justified in finding the value of this wearing apparel. By the terms of the receipt given by the defendant to the plaintiff, the goods to be transported were one bundle of bedding, and to allow a recovery for the value of other articles would seem to go beyond the contract between the parties. The railroad company only agreed to transport one bundle of bedding·

There was no agreement to transport wearing apparel, and it does not appear that the articles of wearing apparel sued for and recovered in this case were mentioned to the agent of the railroad company, or that he knew that the same were embraced in the bundle of bedding. So we think that the verdict was wrong in this respect and contrary to law, and the court was wrong in thus ruling upon that point.

These are the three material assignments of error. No others need be considered by this court, and from what has been said, a new trial must necessarily result.

Judgment reversed.