PACIFIC EXPRESS COMPANY v. WALLACE.

Opinion delivered January 5, 1895.

*Carrier—Liability as warehouseman.*

Where a carrier, receiving packages to be shipped C. O. D., stipulates that its liability, while holding them for collection, shall be that of a warehouseman, such an agreement is valid if there is nothing to show that it is unreasonable; and the carrier will not be liable for the destruction, by a mob, of the packages so held, without negligence on its part.

Appeal from Crawford Circuit Court.

HUGH F. THOMASON, Judge.

STATEMENT BY THE COURT.

This is a suit by appellee against appellant for the value of sundry packages of liquors stolen and destroyed, while in the possession of appellant, by a mob of unknown persons. The cause was submitted to the judge, sitting as a jury at the November term, 1889, of the Crawford circuit court, who, upon findings of fact and declaration of law, determined the same in favor of plaintiff in the sum of $143.65, and defendant appealed, having duly reserved all proper exceptions.

Abstract of Testimony.

It appears that, for a period of twenty-nine days next previous to the 22d of December, 1888, plaintiff from time to time shipped by defendant, an express company carrying articles on the Little Rock & Fort Smith railroad trains, sundry jugs and packages of liquors from the town of Van Buren, his place of business, to the small station of Cabin Creek on said railroad, some sixty or seventy miles distant; that late in the night of the 24th of December, after the articles mentioned had been securely locked up in defendant's store room in the depot at the last named place, and after its agent had retired

for the night, this room was broken into by a mob of masked and unknown persons, and said jugs and packages were all taken away or broken up and otherwise destroyed ; that these packages were in defendant's possession at the time, and had been from two to twenty-nine days, the earliest received having been received on the 23d day of November. It appears also that as each package had been received at Cabin Creek depot, the point of destination, notice was promptly mailed to the consignee; and, further, that the consignees were constantly on the look-out for the arrival of these packages, as was also the local agent of plaintiff at Cabin Creek, who knew actually of their arrival in several instances at least, as he had the defendant's agent change the consignment, inserting other names in the place of the originals, and that none of the packages were called for or paid for, and that the express charges were not paid on any of them.

It appears from the testimony that accompanying each jug or package was a bill of the same, inclosed in an envelope with certain printed indorsements thereon designating the article shipped, and the terms and stipulations of shipment, and that, in carrying goods, the defendant's business was that of a common carrier.

It appears from the plaintiff's testimony, in addition to the foregoing, that he and his agents at Cabin Creek "knew the terms and conditions printed upon the C. O. D. envelopes (the envelopes above referred to) ; that all the packages were to be transported upon the terms, conditions, and agreements contained and printed upon the aforesaid C. O. D. envelopes, which, with bill inclosed, accompanied each jug or package ;" and that the value of the goods was as alleged in the complaint.

It also appears in evidence that these C. O. D. shipments meant that the goods were shipped, but not to be delivered until paid for by the consignees ; that defend-

ant was to collect and receive the price of the same for plaintiff, and make returns of the same.

The notice to consignees above referred to were on blanks filled out as follows, to-wit: "...........18.. We have received to your address and hold at your risk...... Express charges, $...... Total collection, $...... Please call for same and present this notice, or fill out the order below. ..........Agent.

"The Pacific Express Company will deliver to.... ......or bearer, who will pay all charges, and is authorized to receipt for the same. ..........Consignee. Strangers must be identified." On the C. O. D. envelopes, among other things, was the following "Notice to Shippers." "If the money to be collected from the consignee on delivery of the property described herein is not paid within thirty days from the date thereof, the shipper agrees that this company may return said property to him at the expiration of that time, subject to the conditions of its receipts for the shipment, that he will pay the charges for transportation both ways, and that the liability of this company for such property, while in their possession for the purpose of making such collection, shall be that of warehouseman only."

At the request of plaintiff, the court found the facts and declared the law as follows:

### Finding of Facts.

"That the defendant was an express company, and a common carrier; that it received said goods, and became liable for the safe delivery of the same to the parties to whom the same were consigned; that the liability of defendant was that of an insurer, and that this liability as an insurer did not cease until it had made a delivery of each package in good condition to each of the respective parties; that the value of the goods were as stated in plaintiff's complaint, and that the express company

was not entitled to have credit for transportation of the aforesaid packages ; and that plaintiff was entitled to 6 per cent. interest on each of the aforesaid packages from December 24, 1888, to this date."

### Declaration of Law.

"That the defendant express company, being a common carrier, and an insurer for the safe delivery of the goods aforesaid, and having failed to deliver the same, it was liable to plaintiff for the amount claimed ; that the plaintiff was entitled to recover from said defendant express company the amount sued for, with interest, and that the court should find for plaintiff."

To these findings and rulings of the court exceptions were duly taken and reserved.

*Clayton, Brizzolara & Forrester* for appellant.

1.  By the terms of the contract, the liability of the company was that of a warehouseman only, and there is no proof of negligence.   91 Ala. 392 ; 49 Am. & Eng. R. Cas. 111 ; 39 Ill. 312 ; Hutch. on Car. sec. 391 ; 49 Ill. 425 ; 62 Mich. 1 ; 62 N. H. 514 ; 3 Wood on Railways, p. 1916, note 8.

2.  Common carriers can modify by contract their common law liability as insurers.   62 Mich. 1 ; 18 *id.* 121 ; 66 Ala. 167 ; 9 Am. & Eng. R. Cas. 419 ; 83 Mo. 112 ; 94 Mich. 136 ; 35 Ark. 402 ; 39 *id.* 148 ; 47 *id.* 97 ; 52 *id.* 26.

3.  The appellant had the right to limit its common law liability, except for loss by the negligence of itself or servants, and no negligence was alleged or proved. The burden was on appellee to show negligence.   39 Ark. 503 ; 1 Rorer on Railroads, p. 697 ; 2 Wood on Railways, p. 1567 ; 90 Pa. St. 135 ; 40 Ark. 375 ; 7 Am. & Eng. Enc. Law, p. 905 ; 11 Wall. 133 ; 49 N. Y. 249 ; 71 Ala. 215 ; 6 Am. & Eng. R. Cas. 349 ; 3 Wood, Ry. Law, p. 1885, note 2.

4. The liability on the facts of this case was only that of a warehouseman. 2 Rorer on Railroads, p. 1282; 3 Wood on Railways, p. 1908; 27 Kas. 238; Hutch. on Car. sec. 378; 23 Cal. 273; 44 N. Y. 505.

The appellee *pro se.*

1. Appellant was a common carrier, and as such an insurer of the goods. All contracts made in contravention of the common law are void, as against public policy. 7 Am. & Eng. Enc. Law, bot. p. 570.

2. The contract was void because appellee was not given a right to ship without the limitation, and there was no consideration moving to appellee. The appellee had no option. 57 Ark. 112; 2 Pom. Eq. sec. 948; 82 Ky. 286; 14 R. I. 249; 1 Whart. Cont. sec. 170; 57 Ark. 127; 17 Wall. 357; 89 Ill. 43; 39 Ark. 148; 50 *id.* 405; 3 Wall. 112.

BUNN, C. J. (after stating the facts.) It is readily to be seen that the sole contention in this case is, whether defendant was liable as a common carrier or as a warehouseman; and, in order to solve this question, the inquiry is, first, as to whether or not there was a special contract of shipment between plaintiff and defendant, and, if so, was that contract a lawful one, or one such as the plaintiff voluntarily made with defendant, or was it a contract imposed upon plaintiff by defendant, in effect compelling plaintiff to ship on the terms of the same, not giving him the choice of shipping on the terms upon which the law compels common carriers to carry goods.

A common carrier may make special contracts of carriage with customers, and thus relieve himself of many of the responsibilities imposed by the law, but he cannot contract against the consequences of his negligence; and it is held, in the case of *Railway Company* v. *Cravens*, 57 Ark. 112, that he cannot limit his

liability in any respect by such special contract, where the shipper is not afforded an opportunity to contract for the services required of the carrier by law without restrictions. Upon the doctrine of this case, appellee seems to rely to sustain his contention ; that is to say, notwithstanding he shipped on the terms and stipulations endorsed on the envelopes (one of which was to render the liability of appellant, while the goods were awaiting to be called for and paid for, that of a warehouseman only), yet that such special contract was invalid as giving him no choice as to terms of shipment. He does not say as much, but such is necessarily to be inferred.

We cannot see that the case of *Railway Company* v. *Cravens, supra,* is applicable to the facts in this case. There is nothing here to indicate that appellee did not act of his own free will in the matter ; there is nothing to show that appellant sought to evade the responsibility which the law imposes upon it, by driving a hard bargain with the appellee. It follows, therefore, that, at the time the goods were destroyed, they were in the possession of appellant as a warehouseman, and that his liability for the same was that of a warehouseman only, as stipulated in the implied contract of shipment between it and the appellee. Now, since appellant was only liable for a want of ordinary care in respect to its possession and preservation of the goods, and since there is neither proof nor charge of negligence in any degree against it, the findings of the court were incorrect, and consequently its declarations of law and judgment were erroneous. The judgment is therefore reversed, and judgment will be entered here for the appellant.