POWERS MERCANTILE COMPANY v. WELLS-FARGO & COMPANY.[1]

July 29, 1904.

Nos. 13,965—(172).

**Loss of Goods by Carrier.**

By the law of Illinois, as construed in the courts of that state, when property was forwarded to the owner through an express company, and was destroyed en route, the finding of the trial court is sustained that the accident was through the actionable negligence of defendant, as well as that there was no express contract of limitation upon the amount of liability, from which the conclusion necessarily follows that the plaintiff was entitled, under the rule applicable to place of contract, to full compensation for the true value of the property, notwithstanding a receipt was delivered by the express company to the consignor of the property for carriage providing that the latter should be bound for a specified sum less than such amount.

Appeal by defendant from an order of the district court for Hennepin county, Pond, J., denying a motion for a new trial, after a trial and findings and order for judgment in favor of plaintiff for $1,219.50. Affirmed.

*Hale & Montgomery,* for appellant.
*Flannery & Cooke,* for respondent.

[1] Reported in 100 N. W. 735

LOVELY, J.

This action is to recover the value of eleven packages of silk shirt waists which were being forwarded from Chicago to plaintiff at Minneapolis by defendant express company on a train of the Chicago Great Western Railway conveying passengers and express. The train on which defendant was transporting the packages was derailed, and the property burned, at Freeport, Illinois, on January 22, 1903. The defense is that the loss was through no negligence of defendant, but, if so, that under a contract with the shipper, as agent of plaintiff, an agreed limitation upon its liability restricted the recovery to $50, an amount considerably less than the true value thereof. The evidence was received before a jury, but by agreement at the trial was submitted to the court, who made findings of fact, and as a conclusion of law held that the defendant was liable for the full value of the property destroyed, and ordered judgment therefor. Motion for a new trial was overruled. Defendant appeals.

From the findings of the trial court it appears that on January 22, 1903, the plaintiff purchased of Joseph H. White, of Chicago, five hundred forty two ladies' silk shirt waists, which were to be packed and shipped to plaintiff at Minneapolis. The waists were contained in eleven packages, and on that day delivered to the defendant express company, who, with knowledge of the contents, and ample opportunity to ascertain the value of the same, accepted the consignment, and entered upon the fulfilment of its contract for carriage to the place of destination; that while en route the express car in which the packages were being carried was wrecked, with the train, and plaintiff's property destroyed by fire; that the loss was occasioned through the negligence of defendant.

We have no doubt that the evidence supports the conclusion that the loss was sustained through the actionable negligence of the carrier, for, whether we treat such carrier as an insurer of property in its custody while being transported for hire or not, the character and nature of the accident were such as to impose at least the burden of showing that the loss occurred through no fault of its own, since the derailment and destruction of a train carrying property and passengers must be regarded as gross, if such characterization would be at all material or important in view of the place of the contract and loss. In the courts

of Illinois, where the comparative degrees of negligence have been held to obtain, or in this court, where such a calamity is one against which carriers are presumably supposed to be able to protect their patrons, an accident of this kind would establish presumably the want of reasonable care and actionable negligence, which would justify a recovery for the damages sustained. Res ipsa loquitur. Adams v. Haynes, 42 Ill. 89; Adams v. Stettaners, 61 Ill. 186. As said by Baron Rolfe in Wilson v. Brett, 11 Mees. & W. 113, gross negligence is ordinary negligence with a vituperative epithet. The duty in any case must be commensurate with the risk, and where life and property are intrusted to a common carrier the absence of necessary care may well be characterized as gross negligence. Steamboat New World v. King, 16 How. 474; Preston v. Prather, 137 U. S. 604, 11 Sup. Ct. 162.

It was further found by the trial court that at the time the shirt waists were received by defendant for transportation at the place of business of the shipper a receipt was delivered to the consignor containing provisions intended for defendant's protection, from which we quote so much as is specifically relied upon for its benefit at the trial:

> Nor shall said company [defendant] be liable for any loss of, or damage to, said property in any event, or for any cause whatever, unless said loss or damage shall be proved to have been caused by or to have resulted from the fraud or gross negligence of said company or its servants; nor in any event shall said company be held liable beyond the sum of fifty dollars, at not exceeding which sum the said property is hereby valued unless a different value is hereinafter stated.

It was also found as a fact that at the time of the loss the following statutory enactment of the state of Illinois was in force:

> When any property is received by a common carrier to be transported from one place to another within or without this state, it shall not be lawful for such carrier to limit its common law liability safely to deliver such property at the place to which the same is to be transported, by any stipulation or limitation expressed in the receipt given for such property.

The court further found, upon evidence which we think is sufficient to sustain its conclusions in this respect, that at the time the shirt waists

were received by defendant there was no specific or expressed agreement between the parties either for a rate of transportation or their value; that the worth thereof was not even stated by the consignor, or alluded to by the agent, or considered by either; that defendant knew what the packages contained, and might easily have known their worth in money was not estimated, or apparently considered.

The really determinative question on this review is whether, under the evidence, the finding of the court that there was no agreement between the parties as to its charges for transportation based upon the amount named in the receipt providing for the limitation of indemnity to be paid in case of loss from negligence is sustained. From our review of the evidence with reference to this subject we find that it tends to show that in the previous course of business between the shipper and express company the former had accepted receipts of the same purport and tenor as that given in this instance, and that a stencil stamp, "Value asked, not given," was affixed thereto in such cases on numerous occasions where shipments had been made. In this case it appeared that when the packages were delivered to the agent of defendant it was late in the afternoon. A collector of packages for shipment was at the place of business of the shipper. He saw the packages, and asked to have them sent by his company, and stated that he would send them forward to Minneapolis that night over the Chicago Great Western Railway. That nothing was said regarding the value of the packages; no agreement was made as to the rates of transportation. That it was clearly evident from two uninclosed packages that they contained silk shirt waists when delivered to him for transportation to plaintiff. The receipt was then signed in a book of blanks, but was not stamped. On the morning following, when the loss was known, the package collector returned, and placed the stamp, "Value asked, not given," thereon.

Conceding that the shipper was the agent of the consignee who brings this action, under our own decisions the mere delivery of this receipt under these circumstances would not restrict the recovery to the amount stated therein. The defendant would have a right to insist upon payment of its legal rates, and would be liable for the actual damages sustained in case of loss through negligence. O'Malley v. Great Northern Ry. Co., 86 Minn. 383, 90 N. W. 974. We think that the

evidence referred to, with other facts received at the trial, sustains the findings of the trial court to the effect that there was no express contract knowingly and intentionally entered into between the shipper and defendant whereby it was agreed that the value of the property was fixed at $50, and in case of loss the liability of the carrier should be limited to that amount.

But since the result in this case is to be determined by the application of the legal rule applicable in Illinois, where the contract was made, we are required to give force to the construction which the courts of that state have placed upon the statute above referred to. Under its decisions which were received in evidence and found as facts, we must determine the law which was to be applied by the trial court upon their construction. A review of the cases in Illinois leads to the conclusion that the statute referred to is to be liberally construed to authorize a remedy for the benefit of the injured party; that where there is no fraud, concealment, or suppression of facts in shipment of goods by a consignor—and there was none here—from the mere delivery of a receipt restricting the indemnity to a certain sum—and where the carrier has full means of knowledge of the character of the consignment, as in this case, and there is no express agreement limiting the liability or making such a distinct value the basis of charges of transportation, the owner who suffers loss by reason of actionable negligence of the carrier may recover full compensation notwithstanding the delivery of a receipt containing a limitation on the liability. Adams v. Haynes, 42 Ill. 89; Chicago v. Montfort, 60 Ill. 175; Adams v. Stettaners, 61 Ill. 184; Merchants v. Joesting, 89 Ill. 152; Boscowitz v. Adams, 93 Ill. 525; Chicago v. Chapman, 133 Ill. 96, 24 N. E. 417; Chicago v. Davis, 159 Ill. 53, 42 N. E. 382. While there are some differences arising from expressions in the decisions of Illinois on this question, we think that the law as above stated is consistent with the general trend of authority in that jurisdiction, which is in harmony with the rule adopted by this court.

The order appealed from is affirmed.