W. H. MURPHY and Another v. WELLS–FARGO & COMPANY EXPRESS.[1]

September 14, 1906.

Nos. 14,782—(118).

**Common Carrier—Liability.**

The responsibility of a common carrier for damage to shipments intrusted to it is primarily that expressed in the common law. The shipper may insist upon that responsibility, or he may consent to its limitation when he has been afforded option and opportunity of contracting, either in accordance with the common-law rule, or with stipulated change, so long as such stipulation for exemption of the carrier is just and reasonable in the eye of the law. Cau v. Texas & Pac. Ry. Co., 194 U. S. 427, followed.

**Valuation of Shipment.**

In this case the shipper signed a printed receipt and thereby agreed, inter alia, that an express company should not be held liable beyond the sum of $50, at which sum the property shipped was valued. The freight paid for the shipment was $330. The testimony tended to show that the value of the shipment was $2,000. There was no affirmative proof that the exemption was just and reasonable. The clause is *held* void.

**Exclusion of Evidence.**

Under the circumstances of this case, it is *held* not to have been error in the trial court to have refused to receive the contract in evidence.

Action in the district court for Ramsey county to recover $1,137 for failure to transport a carload of strawberries. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiffs for $500. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Davis, Kellogg & Severance, Robert E. Olds,* and *R. L. Kennedy,* for appellant.

*George C. Stiles,* for respondents.

JAGGARD, J.

This was an appeal from an order denying a motion for a new trial, made by the defendant and appellant. The plaintiffs and respondents, commission merchants, brought the action to recover damages alleged

[1] Reported in 108 N. W. 1070.

to have been sustained through the failure of the defendant express company to transport five hundred fifty cases of strawberries within a reasonable time, and with reasonable and ordinary care for the protection and preservation of strawberries from injury and damage by heat. The jury returned a verdict for plaintiffs in the sum of $500.

The principal question presented by the assignments of error concerns the validity of this clause of the receipt, namely, "nor in any event shall said company be held liable beyond the sum of fifty dollars, at not exceeding which sum said property is hereby valued."

The original common-law rule imposing upon the carrier the liability of an insurer and prohibiting contracts against negligence was based on the public character of the carrier's duties, the inequality in the footing of the carrier and shipper, and the possibilities of collusion between the carrier and a wrongdoer. The principle was to protect the public. As methods and conditions of transportation changed, the very reason of the rule necessitated its alteration so as to permit certain modifications, by contract, of the common-law rule for the mutual advantage of both the carrier and the public. Alair v. Northern Pacific R. Co., 53 Minn. 160, 54 N. W. 1072, 19 L. R. A. 764, 39 Am. St. 588; J. J. Douglas Co. v. Minnesota T. R. Co., 62 Minn. 288, 64 N. W. 899; O'Malley v. Great Northern Ry. Co., 86 Minn. 380, 90 N. W. 974; St. Louis v. Lesser, 46 Ark. 236; St. Louis v. Weakly, 50 Ark. 397, 8 S. W. 134, 7 Am. St. 104; Railway Co. v. Spann, 57 Ark. 127, 21 S. W. 914; Little Rock v. Harper, 44 Ark. 208; Little Rock v. Talbot, 39 Ark. 523; Pacific v. Wallace, 60 Ark. 100, 29 S. W. 32; Railway Co. v. Cravens, 57 Ark. 112, 20 S. W. 803, 18 L. R. A. 527, 38 Am. St. 230. And see James Quirk Milling Co. v. Minneapolis & St. L. R. Co., 98 Minn. 22, 107 N. W. 742.

The present view of the law is well stated by Mr. Justice McKenna in Cau v. Texas & Pac. R. Co., 194 U. S. 427, 431, 24 Sup. Ct. 663, 664, 48 L. Ed. 1053, as follows: "Primarily the carrier's responsibility is that expressed in the common law, and the shipper may insist upon the responsibility. But he may consent to a limitation of it, and this is the 'option and opportunity' which is offered to him. What other can be necessary? There can be no limitation of liability without the assent of the shipper, and there can be no stipulation for any ex-

emption by a carrier which is not just and reasonable in the eye of the law."·

In the case at bar four rates were available to the shipper: A merchandise open rate, a strawberry special rate, a stated value rate, and a carload rate. An agent of defendant was, by the dexterity of counsel for plaintiffs, confused as to his testimony on this point. Construing the evidence as a whole, however, we are of opinion that for present purposes the shipper was given sufficient "option and opportunity" to select one of these different rates. The question then arises whether the stipulation for the limitation of the liability of the carrier was just and reasonable in the eye of the law. The shipper was given the standard form of receipt, in which the value was fixed at $50. He did not by his own act independently determine that sum as the actual value of what he shipped. On the contrary, while he thus assented to a valuation of $50, he agreed to pay, and paid, $330 in freight. There was abundant testimony that the car contained five hundred fifty cases of berries that, if in good condition when delivered, were worth at least $3.75 per case, or about $2,000. In the absence of affirmative proof, we are unable to see how it could be maintained that the rate charged or the exemption provided for was necessarily just and reasonable in the eye of the law. No such proof was offered. The conclusion follows that this clause of the contract was not valid.

2. Essentially upon this reasoning the court excluded the entire contract from evidence. It is argued with great earnestness that, even if this clause were invalid, the court should have admitted the bill of lading or receipt in evidence, and should have instructed the jury to consider it in connection with the other and valid provisions and the testimony relevant to them. It may be conceded that where an agreement founded on a legal consideration contains several promises, and some one of them is illegal, the promise, so far as it may be separated from the illegal, may be valid. 9 Cyc. 564; 15 Am. & Eng. Enc. (2d Ed.) 990. The question then remains whether the provisions of the receipt or bill of lading, other than the one which has been held invalid, entitled it to admission in evidence, in connection with proper instructions by the court. We are of opinion that they did not. For example, there was a provision that there should be no recovery for damages unless it resulted from the fraud or gross

negligence of the company. The same receipt contained another provision which provided for no responsibility if ordinary care and diligence were exercised en route. The court charged that there could be no recovery, if in the transportation of the berries, the carrier "used ordinary care, which means reasonable care, to preserve them." No assignment of error is addressed to this charge. On this account, therefore, the defendant has no ground of complaint.

Another provision of the contract exonerated the carrier unless written claim for damages was made to it within ninety days from the date of the receipt. This is a new issue, apparently raised for the first time in this court. It does not expressly appear in the pleadings, nor to have been presented to the trial court by motion, or otherwise. It is not covered by the assignments of error except as it is involved in the assignment directed to the failure to receive the receipt or bill of lading in evidence. It must therefore be regarded as waived. Its final effect moreover would have barred recovery as a matter of law; the purpose of submitting it to the jury is not apparent.

The provision of the contract "that the carrier is not responsible for condition of berries on arrival at destination, if ordinary care and diligence is exercised in keeping the ice bunkers supplied with ice en route," does not fall within the principle that bills of lading exempting carriers from liability after arrival at the destination are valid. As to none of these or the other clauses upon which the argument of counsel for defendant is based was the court requested to instruct the jury. No specific assignment of error is directed to the failure of the court to instruct the jury with respect to them. No motion made during the course of trial raises any question as to the legal effect of these various clauses. The jury seems to have had an admitted copy of the contract and receipt before them, which was attached to the amended answer of the defendant and which went with the pleadings for their use. Under these circumstances, there was no reversible error in the ruling of the trial court excluding the bill of lading or receipt.

Order affirmed.