# CHARLES D. HARRINGTON v. WABASH RAILROAD COMPANY.[1]

June 25, 1909.

Nos. 16,137—(128).

**Neglect to Disclose Contents — Fraud On Carrier.**

Plaintiff gave to a local express company at a point in Missouri a crated sewing machine and a box for delivery to defendant carrier, to be by it transported to a point in Minnesota, and there delivered to a named con-

[1]Reported in 122 N. W. 14.

108 M.—17.

signee. The box was delivered to, accepted by, and receipted for by defendant as books. Instead of containing books only, it actually contained a few books, and miscellaneous articles of household goods and of personal effects. The value of the crated sewing machine was $50. The value of the books was $5. The tariff rate per hundredweight fixed by defendant for books was 63 cents; for household goods and personal effects, 94½ cents. The articles shipped were lost through defendant's negligence. It is *held:*

1. The local express company was plaintiff's agent for delivering the box for shipment, and for whatever usually and naturally belongs to the doing of it, and therefore for the giving of the information necessary to the shipment.

2. In the absence of more definite information, the carrier had the right to accept the shipper's marks as to the contents of a package offered for transportation, and was not bound to inquire particularly about them in order to take advantage of a false classification.

3. A neglect on the part of the shipper to disclose the true nature of the contents of a receptacle offered for transportation is conduct amounting to a fraud on the carrier, if there be anything in its form, dimensions, or outward appearance which is likely to throw the carrier off its guard, whether so designed or not. Intention to impose upon the carrier is not essential.

4. Plaintiff's damages were properly limited to fifty-five dollars.

Action in the municipal court of Minneapolis to recover $375 for property shipped by plaintiff and lost by defendant in transportation. The case was tried before Charles L. Smith, J., who found that the contract of shipment was fraudulent on the part of the plaintiff, except as to the books mentioned in the opinion, and that plaintiff was entitled to judgment for $55. From an order denying plaintiff's motions to amend the findings of fact and conclusions of law or for a new trial, he appealed. Affirmed.

*Paul J. Thompson,* for appellant.

*F. W. Root,* for respondent.

JAGGARD, J.

Plaintiff and appellant gave to the St. Louis Express Company, at St. Louis, Missouri, one sewing machine, crated, and one box, for delivery to the defendant at said St. Louis, to be by it transported over its lines and the lines of its connecting carrier or carriers to Minneapolis, Minnesota, and there delivered to a named consignee.

The box was delivered to the defendant, and accepted by it for such shipment, as containing books, was receipted for as books, and was billed and given the rate fixed by the published tariff of the defendant for transportation of books. That box, instead of containing books, only actually contained a few books and many miscellaneous articles of household goods and of personal effects.

The aggregate value of said shipment, including said sewing machine and attachments, at the point of shipment, was $175. The value of the sewing machine and attachments was $50, and the value of the books in the box was $5. In the said tariff, the articles in the box bore the classification of household goods and personal effects, and carried a rate of 94½ cents per hundredweight, instead of 63 cents per hundredweight, for books. The articles shipped were lost through what is for present purposes the admitted neglect of defendant. Neither the defendant nor any person or persons employed by or connected with it had, at any time before the same became lost and written claim was made by the plaintiff therefor, any knowledge, information, or belief that the said box contained anything more than books. The marking of said box as containing books was done by the said St. Louis Express Company, and without the knowledge of the said plaintiff, and without direction from him. The trial court found as a matter of fact "that plaintiff, through his agent, fraudulently misrepresented the contents of the package containing all the household goods except the sewing machine, stating that they were books." Plaintiff was allowed $55 as damages.

1. The local express company was plaintiff's agent for delivery of the box for shipment and for whatever usually and naturally belonged to the doing of it. Mechem, Agency, § 284. This included the giving of the information necessary to such shipment. The plaintiff was therefore bound by the act of his agent in marking the box as containing books. Armstrong v. Chicago, M. & St. P. Ry. Co., 53 Minn. 183, collecting cases at page 190, 54 N. W. 1059.

2. Plaintiff contends that the marking of the box which was partially true was a mistake only, and that the trial court was not justified in finding that the plaintiff, through his agent, misrepresented the contents of the box and was guilty of fraud. It is, however, a

settled rule of law that, in the absence of more definite information, the carrier has the right to accept the shipper's marks as to the contents of a package offered for transportation, and is not bound to inquire particularly about them in order to take advantage of a false classification. See Bottum v. Charleston, 72 S. C. 375, 51 S. E. 985, 2 L. R. A. (N. S.) 773, 110 Am. St. 610, and Savannah v. Collins, 77 Ga. 376, 3 S. E. 416, 4 Am. St. 87. Fraud was made out, although intention to impose on the carrier was not shown. "Fraud may be as effectually practiced upon the carrier by silence as by a positive and express misrepresentation. A neglect or failure to disclose the real value of a package and the nature of its contents, if there be anything in its form, dimensions or other outward appearance which is calculated to throw the carrier off his guard, whether so designed or not, will be conduct amounting to a fraud upon him. The intention to impose upon him is not material. It is enough if such is the practical effect of the conduct of the shipper, as if a box or package, whether designedly or not, is so disguised as to cause it to resemble such a box or package as usually contains articles of little or no value, whereby the carrier is misled. For by such deception the carrier is thrown off his guard, and neglects to give to the package the care and attention which he would have given it had he known its actual value." 1 Hutchinson, Carriers (3d Ed.) § 330.

This rule was approved in Bottum v. Charleston, 72 S. C. 375, 51 S. E. 985, 2 L. R. A. (N. S.) 773, 110 Am. St. 610. It was there held that "A misdescription, without fraudulent intent, of a package of pictures as containing glass, in a shipment of household goods, will relieve the carrier from liability for their loss above the value of a package of glass, where the freight rate is much higher on pictures than on glass." And see cases collected at page 776. So in Savannah v. Collins, supra, it was held that, in an action against a railroad company for the loss of goods shipped by it, defendant's agent testified that, at the time of the shipment, plaintiff's husband, with whom the agreement for shipment was made, stated that, if the goods were lost, the company would have to pay him $25. The court charged, in substance, that unless it appeared that both the husband and the agent had authority to make such valuation, and ac-

tually agreed upon it, it would not be binding upon plaintiff. It was held that the jury, in ascertaining the value of the goods, might properly consider such testimony, and that the charge withdrew it from their consideration and was erroneous. And see J. J. Douglas Co. v. Minnesota Transfer Ry. Co., 62 Minn. 288, 64 N. W. 899, 30 L. R. A. 860; Southern v. Wood, 98 Ga. 268, 25 S. E. 436; Humphreys v. Perry, 148 U. S. 627, 13 Sup. Ct. 711, 37 L. Ed. 587; Chicago v. Shea, 66 Ill. 471; Warner v. Western, 5 Rob. (N. Y.) 490.

That in some of these cases knowledge on the part of the shipper that his goods were given a rate less than they should have been charged is not material, in view of absence of any necessity to show actual intention to defraud. As opposed, plaintiff refers us to Rice v. Indianapolis, 3 Mo. App. 27 (in which an instruction favorable to this position given at the request of the railroad company was affirmed on an appeal by the railroad company), and to Atchison v. Goetz, 51 Ill. App. 151. It is certain that the authorities rule this case for defendant. Plaintiff was properly limited in damages to the value of the crated machine and to the value of the books shipped.

Affirmed.