LOUISA G. PORTEOUS v. ADAMS EXPRESS COMPANY.[1]

July 29, 1910.

Nos. 16,625—(201).

**Limiting carrier's liability for loss.**

A common carrier, by placing an arbitrary value upon property in his possession for carriage, cannot limit his liability for loss through negligence.

[1] Reported in 127 N. W. 429.

[Note] Power of carrier to limit liability in case of negligence, see note in 14 L.R.A. 433.

Limiting valuation of property as affecting amount of recovery for loss by negligence, see note in 1 L.R.A.(N.S.) 985.

### Same — agreement between shipper and carrier.

The shipper and carrier may, for the purpose of determining the transportation rates and apprising the carrier of the responsibilities assumed, honestly agree upon the value of the article. Such agreement, embodied in a bill of lading, is binding.

### Contract in issue — evidence inadmissible.

Where the issue made by the pleadings is whether an alleged contract was actually made, it is error to admit evidence to show the invalidity of the contract, or that it was not fairly made.

### Evidence of foreign law.

Under a general allegation as to the law of a foreign state, evidence may be received that such is the common law of that state.

### Unintentional fraud of shipper.

Silence by one tendering a package to a common carrier for shipment may constitute a fraud upon the carrier, even without any intention upon the part of the shipper to deceive, if the shape, size, or appearance of the package misleads the carrier as to the value of the contents.

### Issue of bill of lading — parol evidence.

Oral testimony may be received to show the circumstances under which a bill of lading was issued, for the purpose of showing whether the value stated was the agreement of the parties fairly entered into for the purpose of fixing rates.

### Opinion of expert.

An expert in the value of jewels, who has not seen a particular jewel, may give his opinion as to the value, basing it upon descriptions of the article given by other witnesses.

Action in the district court for Hennepin county to recover $1,-435, for the conversion of a package of jewelry delivered to defendant at the city of New York for transportation to Pennsylvania, which was never delivered. The substance of the answer and reply is given in the opinion. The case was tried before Holt, J., and a jury which returned a verdict in favor of plaintiff for $1,296. From an order denying defendant's motion for judgment but granting that for a new trial, plaintiff appealed. Affirmed.

*Charles J. Traxler,* for appellant.

*Lightner & Young,* for respondent.

O'BRIEN, J.

Plaintiff's husband, J. S. Porteous, delivered at New York, for shipment to the plaintiff in Pennsylvania, a pasteboard box containing jewelry, the property of the plaintiff, alleged in the complaint to be of the value of $1,435. Defendant lost the package and its contents.

By its answer the defendant in effect admitted the receipt of a package, the contents of which it claimed were concealed, and alleged a contract embodied in the bill of lading issued to the shipper, containing this clause: "1. In consideration of the rate charged for carrying said property, which is regulated by the value thereof and is based upon a valuation of not exceeding fifty dollars, unless a greater value is declared, the shipper agrees that the value of said property is not more than fifty dollars, unless a greater value is stated herein, and that the company shall not be liable in any event for more than the value so stated, nor for more than fifty dollars if no value is stated herein." In the space reserved for value there was inserted: "Value asked and not given." The answer further alleged that the amount charged and prepaid for the transportation of the package was thirty cents, which was the proper and legal charge for the package upon the terms of the bill of lading if the value of the property did not exceed fifty dollars, but that the rate for the carriage of the package, if its value exceeded fifty dollars, and was of the value alleged in the complaint, would have been $1.70.

In her reply the plaintiff denied that the bill of lading or receipt was "the contract under which the property described in the amended complaint was delivered to and received by the defendant, and denies that the printed conditions, numbered consecutively from 1 to 9, both inclusive, appearing on Exhibit A attached to the amended answer of the defendant, or any part of them, were called to the attention of the plaintiff, and denies that plaintiff knew the contents thereof and denies that plaintiff consented to them." The reply further averred that, if the contract was made, it was void, because having been executed upon the Sabbath Day.

Upon the trial, plaintiff's husband, who made the shipment, tes-

112 M.—3.

tified that he brought the jewelry to the express office in a pasteboard box, and asked the agent in charge of the office for paper and string with which to make up the package; that he opened the box in the presence of the agent for the purpose of arranging the articles in the box, and then wrapped and tied the box in the paper; that he was in haste, and accepted the receipt or bill of lading without reading it; and that no conversation passed between himself and the agent with reference to the value of the property. He was an experienced business man, and testified fully as to his knowledge and experience in transactions of the kind involved here. When instructing the jury, the learned trial court stated there were two questions for their determination: "(1) Was the contract as evidenced by the receipt fairly made, so that it may be considered the contract of the parties? (2) What was the value of the property lost?" And by other portions of the charge the jury were permitted to disregard the contract, if in their judgment they believed it was not fairly entered into as the basis for the charges and responsibilities of the carrier. The jury found for the plaintiff in the sum of $1,296. The defendant made an alternative motion for judgment in its favor or a new trial of the action. Judgment for the defendant was denied, but a new trial granted, "on the ground that the court erred in the instructions to the jury upon the issues as made by the pleadings." Plaintiff appeals.

1. It is the settled law of this state that, while a common carrier will not be allowed to limit its liability for loss caused by its negligence in transporting freight or passengers, a shipper of goods may at the time of the shipment, for the purpose of determining transportation rates and informing the carrier of the nature of the responsibility assumed by it, agree to the value of the property intrusted to the carrier, or agree that the value of such property does not exceed a specified sum, and when such contract is fairly made for such purposes. it is binding. It is also settled that the embodiment of such an agreement in a bill of lading or receipt, as in this case, makes the receipt a contract between the parties, although signed only by the carrier. Alair v. Northern Pacific Ry. Co., 53 Minn. 160, 54 N. W. 1072, 19 L.R.A. 764, 39 Am. St.

588; J. J. Douglas Co. v. Minnesota T. Ry. Co., 62 Minn. 288, 64 N. W. 899, 30 L.R.A. 860. In the Alair case the authorities were reviewed, and these questions fully considered. The rules there announced have not been modified by subsequent decisions of this court. In O'Malley v. Great Northern Ry. Co., 86 Minn. 380, 90 N. W. 974, the bill of lading stated the agreed value of the shipment of horses to be $50 per head. A recovery of $125 for the negligent killing of one of the horses was sustained, but this court in its opinion pointed out many circumstances which made it a question for the jury whether or not in that case the contract was fairly entered into for the purpose of establishing rates or agreeing upon the real value. In Murphy v. Wells, Fargo & Co. Express, 99 Minn. 230, 108 N. W. 1070, a carload of strawberries of the value of $2,000 was shipped under a bill of lading in which the limit of value was placed at $50. The freight charges amounted to $330. The contract was held void as being unreasonable. Powers Mercantile Co. v. Wells, Fargo & Co., 93 Minn. 143, 100 N. W. 735, involved the construction of the Illinois law. Since this case was argued, we have had under consideration a similar question in Ostroot v. Northern Pacific Ry. Co. 111 Minn. 504, 127 N. W. 177. In that case the bill of lading contained a clause limiting the value of household goods to five dollars per hundred weight. It should require no argument to show that a valuation of five dollars per hundredweight, when applied to pianos, cooking utensils, and household furniture, is intended as a mere arbitrary limitation of liability, and for other reasons as well it was held that the limitation was not binding.

There is no dispute in this case that the receipt or bill of lading was accepted by plaintiff's husband when he made the shipment, and if he understood, or by reasonable care upon his part could have understood, the nature of its contents, and knew, or from his past experience should have known, that the rate charged was based upon the limited valuation of the property, the receipt constituted a valid contract binding upon plaintiff, which would prevent a greater recovery than fifty dollars. In the main, this was the theory upon which the trial court submitted the case to the

jury, and submitted to it very broadly whether or not the contract was fairly entered into. The reply denied the contract set up in the answer, and in effect alleged the only contract was such as would be implied from the delivery of the·package for shipment. Strictly construed this did not amount to confession and avoidance of the written contract. The evidence and charge were directed to such an issue, which we assume to be the controlling reason for the order granting a new trial. Defendant objected to the reception of evidence to avoid the contract because of the pleadings, and considering the charge as an entirety we think the order must be sustained. Livingston v. Ives, 35 Minn. 55, 27 N. W. 74; Cochrane v. Halsey, 25 Minn. 52.

2. In view of another trial of the action, we refrain from a discussion of the evidence, as well as many of the arguments advanced by respective counsel. There are, however, certain alleged errors which should be noticed. During the course of the trial defendant, claiming the contract to be governed by the laws of New York, amended its answer so as to allege that under the laws of that state the contract, Exhibit A, was legal and binding; that the silence of the shipper as to the real value of the goods delivered for carriage constituted fraud, which discharged the carrier from liability; and that parol evidence was inadmissible to establish the invalidity of the contract; and then offered proof of the New York law. The evidence was held immaterial. The amendment was sufficient to give the defendant the right to prove the common law of the state of New York. Crandall v. Great Northern Ry. Co. 83 Minn. 190, 86 N. W. 10, 85 Am. St. 458. And if any difference exists between the common law of Minnesota and New York the defendant should have been permitted to establish that fact.

3. We cannot fully agree with defendant's counsel in their claim as to the extent to· which the decisions of the New York courts go in sustaining contracts such as the one in question. Silence upon the part of the shipper as to the contents of a package offered for transportation may or may not constitute fraud, depending upon a variety of circumstances. If the shape, size, or appearance of the package is such as to deceive the carrier, silence by the person offering it might

well amount to fraud which would prevent a recovery of a greater value than that stated in the bill of lading. Where the facts appeared conclusively, whether or not the shipper's conduct amounted to a fraud would be a question of law for the court. Magnin v. Dinsmore, 62 N. Y. 35, 20 Am. Rep. 442. It is not necessary for the carrier to prove an intention to defraud. If he is in fact misled into accepting a package containing articles of great value, when appearances indicate articles of small value, the shipper is limited to the agreed amount. Alair v. Northern Pacific Ry. Co., supra; J. J. Douglas Co. v. Minnesota T. Ry. Co., supra; Harrington v. Wabash R. Co., 108 Minn. 257, 122 N. W. 14, 23 L.R.A.(N.S.) 745; 1 Hutchinson, Carriers (3d Ed.) § 330.

In this case it must be remembered that plaintiff claims, not only that there was no concealment, but that the contents of the package were exposed to the view of defendant's agent. It was, therefore, for the jury to say whether any deception, intentional or otherwise, was practiced upon defendant.

4. The written contract in this case cannot be varied by parol evidence, more than could any other writing; but it differs from the ordinary contract in this: That if intended as an arbitrary limitation of liability it is void, and if intended for the purpose of determining rates and apprising defendant of its responsibilities it is valid. It seems very clear that under sufficient pleadings the circumstances under which the contract was made may be proved, in order that its purpose may be determined.

5. One of the articles contained in the box was a pearl necklace. No one qualified as an expert to determine the genuineness of the pearls testified to having seen them, but an expert was permitted to testify to the value of the pearls if they in fact were genuine. We do not think this was error. The jury had a right to determine, from all of the facts and circumstances of the case, the genuineness of the pearls. It was, we think, a case where circumstantial evidence might be considered.

Order affirmed.