**GALVESTON HOTEL CO. v. GOGGAN et al.
(No. 8281.)**

(Court of Civil Appeals of Texas. Galveston.
Jan. 31, 1923. Rehearing Denied·
June 14, 1923.)

I. Innkeepers ⊜⇒II(I2)—Petition for conversion of grip does not authorize recovery for negligence in undervaluing it on delivery to carrier.

A petition alleging that plaintiff had left a grip with defendant hotel company and subsequently instructed defendant· to ship it to plaintiff, but that defendant refused and neglected to do so and converted the grip to its ·own use, does not authorize recovery, on findings that the hotel company had delivered the grip to the express company for shipment, for the hotel company's negligence in understating the value of the grip, so as to prevent recovery from the express company for the entire value.

2. Appeal and error ⊜⇒747(I)—Appellee cannot assign cross-errors against another appellee, without excepting to judgment and moving for a new trial.

Where plaintiff recovered judgment against a hotel company and an ·express company for the limited value of a grip, and against the hotel company in addition for the full value of the ·grip, from which the hotel company appealed, plaintiff could not ·assign as error the limitation of recovery against the express company, which did not appeal from the judgment, without having excepted to the judgment or made a motion for a new trial and without having taken any steps to appeal therefrom.

3. Carriers ⊜⇒I47—Statute prohibiting restriction on liability does not prevent limitation of liability for shipper's fraud.

Rev. St. art. 708, providing that common carriers of goods shall not limit or restrict their liability as it exists at common law, does ·not prevent a limitation of the carrier's liability for the fraud of a shipper's agent in understating the value of the goods shipped, whereby the carrier received a smaller compensation for the transportation and was induced not to take the care it would have taken if the value had been correctly stated, in which case the carrier's liability would have been limited at common law.

4. Carriers ⊜⇒I58(I)—Undervaluation by shipper held to preclude recovery for full value.

Where the jury found specially that the shipper of a grip through a hotel company as its agent represented that the grip was of the value of only $10 and that, if its true value of nearly $500 had been stated, the carrier would have exercised more care and the loss would probably have been prevented, it was not error to limit recovery against the carrier to $50, which was the extent of liability assumed by it, unless a greater value was declared and an additional rate paid.

5. Carriers ⊜⇒I58(I)—Undervaluation by shipper estops recovery of full value on carrier.

A shipper who understates the value of the articles shipped by him, and thereby induces the carrier to undertake to transport it at a lower rate and not to exercise the care for its safe-keeping which it would have exercised if it had known the true value, is estopped after the loss of the goods to recover the full value from the carrier.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Action by I. E. Goggan against the Galveston Hotel Company and another. Judgment for plaintiff against the named defendant for the entire amount claimed, and against the other defendant for a lesser amount, and the named defendant appeals. Judgment reversed and rendered as to the named defendant, and affirmed as to the other defendant.

Gill, Jones, Tyler & Potter, of Houston, for· appellant.

Charles Murphy and W. C. Perry, both of Houston, for appellee J. E. Goggan.

Baker, Botts, Parker & Garwood, of Houston, for· appellee Wells Fargo & Co. Express.

GRAVES, J. Goggan sued both appellant hotel company, which owned and operated the Galvez Hotel at Galveston, and appellee express company, which did an express business between there and Houston, for damages in the sum of $419.65 for the loss of his hand bag and its contents, which he valued at that amount. He alleged that on leaving the hotel he left the hand bag in the custody of the hotel· company at Galveston, but subsequently requested it to transport the same to him· at Houston; that the hotel company failed and refused to so transport the bag, but converted it to its own use. By alternative averments he further alleged:

That the hotel company "did, as requested by plaintiff, deliver the said baggage, bag, and contents as above set out to the defendant company express, and ordered the same shipped to the plaintiff in Houston, Tex., with the understanding and agreement that the plaintiff would pay the usual and customary charges of transportation and the plaintiff was able, ready, and willing to pay the usual and customary charge of transportation, and the defendant express company, received said hand bag, baggage, and contents set out above, and agreed to deliver the same to the plaintiff at his residence in Houston, Tex., and, though plaintiff has made frequent demand on said defendant express company, said company refuses to deliver to plaintiff the bag, baggage, and contents set out above, and appropriates the same to their own use and benefit, all to plaintiff's actual damage as above set out."

The hotel company answered, denying that it had either refused to ship or had converted the baggage; alleging that it had, as requested by plaintiff, duly delivered the same to the express company, which had receipted it therefor.

The express company, in turn, answered

by denying that it had received and receipted for the bag for such shipment, but further averred that, if it be shown that it had, it had done so under a valuation of $10 placed thereon by the hotel company, as the agent of plaintiff and had, through one of its drivers, taken the property to its depot in Galveston, beyond which it could not trace it; that, as was well known at the time to the hotel company, it charged a higher rate and exercised greater care in handling shipments exceeding $50 in value than was done with reference to those under or up to that amount, and that such placing of the $10 value thereon caused it to exercise only that degree of care which its rates required for shipment carrying that valuation; that, had the value given to it at the time of tender for shipment as being in excess of $50, it would have exercised the greater degree of care accordingly, and the shipment, in all probability, would not have been lost.

The cause was submitted to a jury upon a large number of special issues, and upon the return of answers thereto, the court entered judgment in favor of plaintiff against the defendants jointly for the sum of $50, with interest, and against the hotel company alone for the additional sum of $369.65, with interest.

The express company, being satisfied with the lower court's action, has not appealed, but appears in this court by brief asking that the adjudication made below as to it be affirmed. The hotel company, however, complains of the judgment for any amount against it through a number of assignments of error. Its chief contention is that, the plaintiff below having by his pleadings predicated his right to recover against it—after having charged it with having come into possession of his hand bag as an innkeeper—solely upon its alleged failure to deliver the same to the express company for transportation to Houston and its conversion thereof to its own use, and the jury having found that it did not convert the property but did deliver it to the express company, as directed by him, appellant's motion for judgment in its favor on the verdict should have been granted.

[1] We think the position well taken, and that, under the pleadings and the unchallenged findings of the jury, appellant was not liable. The pleadings of the plaintiff below were subject to no other reasonable interpretation than that thus put upon them. He simply charged that appellant had come into possession of his baggage as an innkeeper, whose guest he had been; that after he departed he requested it to transport the bag from its hotel at Galveston to his residence in Houston; that it neglected, failed, and refused to do so, but converted the same to its own use and benefit; then alternatively, as above quoted in full, that it duly delivered the bag to the express company; and that the latter failed to transport it to him. Obviously, appellant not being in the transportation business, but thus averred to be an innkeeper only and in that capacity to have been intrusted with his baggage, he merely meant to declare that it had failed and refused to deliver the bag to the express company, and had converted it to its own use and benefit. No other cause of action is asserted against appellant.

Issue No. 23, as submitted to the jury, was this: "Did the defendant, Galveston Hotel Company fail and refuse to deliver plaintiff's bag and contents to defendant, Wells Fargo & Co. Express, and convert the same to its own use and benefit?" To which the jury answered, "It did not." There is no attack upon this finding, and we think it alone acquits appellant of any liability to appellee Goggan for the loss of the bag.

This conclusion is but rendered stronger by the jury's answers in response to further questions as follows:

"Special Issue No. 5: If you have answered the plaintiff did instruct the defendant hotel company to ship said hand bag and contents by express, then answer whether or not said Goggan instructed said hotel company, or any of its agents or employees to value said hand bag and contents at any sum, and if so at what sum." Answer: "No."

"Special Issue No. 6: Did the Galvez Hotel deliver to defendant express company, on or about September 15, 1917, for shipment to I. E. Goggan, at Houston, Tex., a hand bag?" Answer: "Yes."

"Special Issue No. 7: If you have answered special issue No. 6 'Yes,' and only in that event, you will answer the following question: Was the hand bag the same hand bag as alleged and described in plaintiff's petition?" Answer: "It was."

There is likewise no claim that any of these findings are unsupported by the evidence. Indeed, the express company in the trial admitted receiving the bag from appellant, taking it from the hotel to its depot in Galveston, and there losing all further trace of it. So that, the cause of action as against appellant being based solely upon the averment that it failed to deliver the baggage to the express company and converted the same to its own use and benefit, every fact essential to its establishment was thus expressly found not to have existed.

In this connection, while the proof showed, and the jury also found, that appellant placed a valuation of $10 on the bag in turning it over to the express company for shipment to Houston, it will be noted that no liability was claimed against appellant on that account; no question of negligence on its part in placing a valuation thereon of less than $50 was raised in the pleadings of appellee Goggan, and it follows that all of the special issues submitted seeking to elicit

whether or not it was negligent in that regard, in so far as it was concerned, presented immaterial matters. Appellant's objection to their submission should have been sustained. A plaintiff must recover, if at all, upon the cause of action alleged by him, and is not entitled to a judgment on one not pleaded. Rich v. Tel. Co., 101 Tex. 466, 108 S. W. 1152.

[2] By a cross-assignment of error presented in his brief, appellee Goggan contends that the trial court erred in limiting his recovery against the express company to $50, insisting that he should have been given judgment against it too for the full amount found by the jury as the value of the hand bag and contents.

Objection is made to our considering the matter thus advanced on the ground that Goggan did not except at the time to the judgment as rendered, made no motion for a new trial, and took no steps to appeal therefrom; the facts are found to be as the objection recited, and in our opinion preclude a consideration of the cross-assignment. Blackwell v. F. & M. Bank (Tex. Civ. App.) 76 S. W. 454; Missouri Pacific v. Cheek (Tex. Civ. App.) 159 S. W. 427 (and cases cited therein); Rutledge v. Evans (Tex. Civ. App.) 219 S. W. 218; McKee v. Popular Dry Goods Co. (Tex. Civ. App.) 240 S. W. 567.

Were this procedural barrier not in the way, however, we think the limitation of the liability of the express company to $50 was correct anyway, under the pleadings, the evidence, and the jury's findings pertaining to that feature of the case.

In elaborating what has already been given as the general substance of its answering pleading, the express company averred that the shipper, through the hotel company as his agent, either willfully, in order to get a lower rate, or negligently, represented to it that the package was of no greater value than $10, thereby, with full knowledge of its custom and rules in such circumstances, leading and inducing it to rely and act upon that valuation in both charging the rate and exercising the care it did; that, had the true value been given, it would have used greater care and would have transported the baggage safely to destination; that such representation as to the value amounted in law to a fraud upon and relieved it of liability for failure to deliver the shipment, or, in any event, estopped the shipper from claiming as against it a value of more than $10 or at most of more than $50.

In answer to a series of special issues submitting these matters, the jury found:

"(a) That the hotel company, or its agents, knew, or by the exercise of ordinary care could have known, that the value of the bag and contents was greater than $50.

"(b) That the hotel company, or its agents, were negligent in placing thereon a value less than $50.

"(c) That the express company acted upon such valuation in classifying the package for shipment.

"(d) That the hotel company knew that the carrier's charges were greater for packages valued at more than $50, and that the express company required a valuation on all packages.

"(e) That, had the true value been declared, the express company would have charged a higher rate.

"(f) That it would have exercised a greater degree of care in the handling and transporting the package.

"(g) That, had the true value been declared, the chances of loss, theft, or miscarriage would have been lessened, and that the shipment would not in all probability have been lost.

"(h) That the placing of a value of less than $50 caused or contributed to the failure of the express company safely to transport and deliver the package."

There was sufficient support in the evidence for each and all of these findings, and we think under them the trial court properly refused to give judgment in excess of $50 against the express company.

[3] It is quite true that the express company also pleaded a limitation of its liability to $50, by virtue of a provision to that effect in its contract of carriage, and supported this by proof that the "uniform express receipt" forms it used at the time contained such a recitation; but it neither contends here nor do we hold that it can escape liability for the actual value of the goods lost by reason of that provision in its contracts; that would be in direct contravention of our statute on the subject. R. S. art. 708.

The holding rests upon the view that the facts as alleged and shown release it in harmony with the terms of this statute; the wording used is that. common carriers of goods "shall not limit or restrict their liability *as it exists at common law.*" (The italics being our own.) Now at common law a common carrier would not have been held liable in such circumstances as obtained here. The authorities to this effect are cited and discussed in Batson v. Donovan, 4 B. & Ald. 20, 106 Reprint, 846. See, also, R. R. Co. v. Fraloff, 100 U. S. 24, 25 L. Ed. 531; third edition of Hutchinson on Carriers, vol. 1, §§ 328–331; Harrington v. R. R. Co., 108 Minn. 257, 122 N. W. 14, 23 L. R. A. (N. S.) p. 745 and footnote.

Our own courts have likewise so applied the rule, *notwithstanding* our statute referred to, in cases amounting to fraud or imposition by the shipper on the carrier in reference to the nature or value of the article to be shipped. H. & T. C. Railroad Co. v. Burke, 55 Tex. 323, 40 Am. Rep. 808; S. P. Co. v. Maddox, 75 Tex. 300, 12 S. W. 815; Texas Exp. Co. v. Scott, 2 Willson, Civ. Cas. Ct. App. § 74; Texas Express Co. v. Dupreé, 2 Willson, Civ. Cas. Ct. App. § 319.

We quote excerpts from three of these Texas cases as follows. From the Burke Case:

"Whilst, under our statute, it is no defense for a carrier sued for goods lost, however valuable, to reply that by the terms of the bill of lading he was not responsible for such goods, because beyond question he would at common law be liable for the loss of money or other valuables, whether a bill of lading were given specifying them or not, it is not believed that the statute in any wise restricts the operation of the common-law rule, that where the shipper of valuables practices a fraud on the carrier, either by his acts or omissions, fraudulently concealing the value of the article shipped, the carrier is discharged."

From the Maddox Case:

"If there be fraud or imposition in misrepresenting the nature or value of the thing to be carried, the shipper ought to be held to forfeit his right to indemnity in case the carrier is thereby induced to bestow less care in its transportation than he would had he been advised of its true nature and value."

From the Scott Case:

"If the shipper be guilty of any fraud or imposition in respect to the carrier, as by concealing the value or nature of the articles, or deludes him by his own carelessness in treating the parcel as a thing of no value, * * * he cannot hold the carrier liable."

[4] We think the case here made falls within the principle applied in the authorities above cited, although in many of them a fraudulent intent on the part of the shipper in the effort to obtain a lower rate of carriage was shown, while in this instance no such actual intent appears. There was at least negligence toward and resulting imposition upon the express company here for which the shipper was held by the jury to be responsible, and under those conditions the intent was not material. The rule in this particular, as we conceive it, is thus stated by Hutchinson on Carriers (3d Ed.) vol. 1, §§ 330, 331:

"The intention to impose upon him (the carrier) is not material. It is enough if such is the practical effect of the conduct of the shipper. * * * For by such deception the carrier is thrown off his guard and neglects to give the package the care and attention which he would have given had he known its actual value. And if, under such circumstances, money or other valuables concealed in a package be lost by his negligence or carelessness, it would be unjust to charge him with their full value because such concealment would be a fraud upon him as respects his compensation for the carriage and a deception as to the degree of care which the package required and with which he would have guarded it had he been told the truth."

[5] Moreover, we see no reason why the equitable doctrine of estoppel in pais would not apply to the action of appellee Goggan here, as every element necessary to give it rise was embraced in the quoted findings of the jury. Pac. Express Co. v. Pitman, 30 Tex. Civ. App. 626, 71 S. W. 312; Railway v. Burke, 55 Tex. 323, 40 Am. Rep. 808.

Further discussion is deemed unnecessary. Under the conclusions stated, it follows that the judgment should be affirmed as to the express company, and it has been so ordered. As concerns appellant, however, no liability was shown against it, and judgment should have gone in its favor. Accordingly, the facts having been fully developed, the trial court's judgment against appellant has been reversed, and this court's judgment entered that as to it appellee Goggan take nothing.

Affirmed as to the express company. Reversed and rendered as to the hotel company.